401 A.2d 762

**Carole N. BECK and Robert D. Beck, her husband, Appellants,**

**v.**

**Jo Ann MINESTRELLA and Peter Minestrella, her husband.**

Superior Court of Pennsylvania.

Argued Oct. 25, 1978.

Decided April 4, 1979.

610

William A. Johnson, McMurray, for appellants.

Harry W. Miller, Pittsburgh, for appellees.

Before CERCONE, WIEAND and LIPEZ, JJ.

LIPEZ, Judge:

This is an appeal from an order sustaining a motion for judgment on the pleadings in favor of the defendants on the ground that the action was barred by the statute of limitations. We think the plaintiffs took the necessary steps to preserve their right of action and, therefore, reverse.

"Like all summary judgments entered without a trial judgment on the pleadings may be entered only in clear cases free from doubt where there are no issues of fact, and only where the cause is so clear that a trial would clearly be a fruitless exercise . . . . . . The party moving for the judgment on the pleadings admits for the purpose of his motion the truth of all the allegations of his adversary and the untruth of any of his allegations which may have been denied by his adversary." Goodrich-Amram 2d., § 1034(b)(1).

The defendants were the moving parties. They plead the bar of the statute of limitations in New Matter to which the plaintiffs in Reply denied its applicability and set forth the factual basis for their contentions. Hence, we read the pleadings as follows:

As the result of a collision between plaintiffs' and defendants' automobiles in Allegheny County on August 8, 1973, the plaintiffs suffered personal injuries. On July 23, 1975, the plaintiffs filed a Praecipe for a writ of summons in trespass with the prothonotary of Allegheny County. The writ was delivered to the Sheriff for service on July 28, 1975. The Sheriff was unable to locate the defendants and subsequently made a return of N.E.I. On April 25, 1977, a complaint in trespass was filed with the prothonotary and was delivered to the Sheriff for service. Attempted service on the defendants again resulted in the return of N.E.I. On July 25, 1977, the complaint was reinstated with directions for service pursuant to Pa.R.Civ.P. 2079.[1] Service was then effected.

---

1. Rule 2079 provides for methods of service, inter alia, upon a non-resident, or a resident who becomes a non-resident, or who conceals his whereabouts.

612

The defendants say in their brief that the complaint was "inadvertently filed at a new number and it should have been a renewal of the writ which was originally filed in July of 1975; " and note further that the praecipe for the writ was filed to No. G.D. 75–17227, whereas, the complaint was filed to No. G.D. 77–09260. We point out, however, that nowhere in the pleadings does this appear and for the purpose of this motion we are bound by the plaintiffs' factual recital as summarized above.

Assuming, arguendo, that the complaint was filed to a new number (and the plaintiffs' reproduced records of the docket entries do show the same caption to both numbers), we know of no rule mandating its filing to the original writ and number. While it might be helpful and even desirable for record control, we cannot impose a requirement not so mandated. In any event, under Pa.R.Civ.P. Rule 1010(e)[2], provision is made for the use of a complaint as alternative process, so that the "[f]iling or reinstatement or substitution of a complaint which is used as alternative process under this sub-section has the same effect in tolling the statute of limitations as the reissuance or substitution of a writ." Note of the Procedural Rules committee. If there were any defect in this procedure it did not affect "the substantial rights of the parties."[3] See Palmer v. Brest, 254 Pa.Super. 532, 386 A.2d 77 (1978). The procedure followed here was in compliance with the Rule.

**2.** Rule 1010(e) provides:

If an action is commenced by writ of summons and a complaint is thereafter filed, the plaintiff instead of reissuing the writ may treat the complaint as alternative original process and as the equivalent for all purposes of a reissued writ, reissued as of the date of the filing of the complaint. Thereafter the writ may be reissued or the complaint may be reinstated as the equivalent of a reissuance of the writ, and the plaintiff may use either the reissued writ or the reinstated complaint as alternative original process.

**3.** Pa.R.C.P. Rule 126 provides:

The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties.

The court below concluded that the plaintiffs' procedure here was defective in the light of *Lamp v. Heyman*, 469 Pa. 465, 366 A.2d 882 (1976); that the plaintiffs failed to take necessary corrective action within the 90 day grace period allowed by *Lamp* and therefore sustained defendants' motion. We think *Lamp* is not applicable.

*Lamp*, in essence, held that the filing of a praecipe for a writ of summons,[4] and its issuance by the prothonotary within the statutory period, accompanied by a direction not to deliver it to the sheriff for service, tolled the running of the statute of limitations. In so deciding the court recognized: that this was a relatively common practice; that the lower courts were divided whether such action or inaction would nullify the effect of the filing; and that some of the language in the Supreme Court's own opinions appeared to sanction such practice. It therefore sustained the tolling of the statute notwithstanding the non-delivery of the writ to the sheriff. However, because of the potential for abuse in such situations, it promulgated a rule for the future and the practice to be followed thereunder, as follows: (469 Pa. at 478, 366 A.2d at 889)

"Accordingly, pursuant to our supervisory power over Pennsylvania courts, we rule that henceforth, i.e. in actions instituted subsequent to the date of this decision[5], a writ of summons shall remain effective to commence an action only if the plaintiff then refrains from a course of conduct which serves to stall in its tracks the legal machinery he has just set in motion. Since the manner in which writs of summons are to be prepared and delivered to the sheriff for service are not covered by our rules and since there are differences among the judicial districts of Pennsylvania in the procedure followed in these matters, a plaintiff should comply with local practice as to the deliv-

4. Rule 1007 Commencement of Action
   An Action may be commenced by filing with the prothonotary
   1) a praecipe for a writ of summons
   2) a complaint, or
   3) an agreement for an amicable action.
5. The decision was dated November 24, 1976.

ery of the writ to the sheriff for service. If under local practice it is the prothonotary who both prepares the writ and delivers it to the sheriff, the plaintiff shall have done all that is required of him when he files the praecipe for the writ; the commencement of action shall not be affected by the failure of the writ to reach the sheriff's office where the plaintiff is not responsible for that failure. Otherwise, the plaintiff shall be responsible for prompt delivery to the sheriff for service. Cf. Pa.R.C.P. 1009"

The Court then granted a 90 day grace period for compliance as follows: (footnote 8)

"If any plaintiff who, having filed a praecipe to institute an action, is presently engaged in such a course of conduct and thereby preventing or delaying service of notice of suit upon defendant, and he subsequently fails to remove within ninety days of the date of this decision whatever bar to service he may have erected, he shall be deemed to have nullified the commencement of his action."

We think it is clear that *Lamp* is not applicable. The plaintiffs here in each instance delivered to the sheriff for service the writ, the complaint in trespass, and the reinstated complaint. Each such issuance and delivery kept the action alive for a period equal to the original period of limitation applicable to the action. *Zarlinsky v. Laudenslager*, 402 Pa. 290, 167 A.2d 317 (1961). At no time does the record indicate that he did anything to impede the service of the various papers or engage in any conduct of any kind "to stall in its tracks the legal machinery."

Nor is *Dzvonick v. Shaffer*, 125 P.L.J. 253 (1977), affd. Per Curiam 259 Pa.Super. 615, 393 A.2d 1285 (1978) cited by defendant applicable. There, in the period during which *Lamp* was applicable, the plaintiff had filed his praecipe for a writ of trespass in timely fashion, but had not delivered it to the sheriff for service. Thereafter, the writ was reissued and likewise not delivered to the sheriff. Finally on the 91st day after *Lamp* it was reissued again and thereafter delivered for service to the sheriff. The court granted defend-

ants' motion on the pleadings, holding: that local practice in Allegheny County requires the plaintiff to deliver the writ to the sheriff with the directions for service; that a failure to do so came within the interdiction of *Lamp*; and that the plaintiff having failed to take the necessary corrective action within the ninety day grace period allowed by *Lamp*, the action was therefore barred by the Statute of Limitations.

*Dzvonick* is obviously distinguishable in the important difference of non-delivery to the sheriff therein as contrasted with delivery in each instance herein.

Reversed and remanded.