**MAINELINE INDUSTRIES, INC., a Nevada corporation, Plaintiff,**

v.

**PALCO LININGS, INC., a California corporation, Does I to 50, Black Partnership, Green Company and White Corporation, Defendants.**

**PALCO LININGS, INC., a California corporation, Counter-Plaintiff,**

v.

**MAINELINE INDUSTRIES, INC., a Nevada corporation, Burlington Industries, Inc., a Delaware corporation, Does I through XX, Counter-Defendants.**

**No. CV–R–85–104–ECR.**

United States District Court, D. Nevada.

Dec. 5, 1986.

Ronald T. Banta, Yerington, Nev., for plaintiff.

Vargas & Bartlett, Reno, Nev., for Palco Linings, Inc.

Robison, Lyle, Belaustegui & Robb, Reno, Nev., for defendants.

## ORDER

EDWARD C. REED, Jr., Chief Judge.

On March 21, 1985, Palco Linings, Inc. ("Palco") filed an amended answer in this action. It also filed a counterclaim against Maineline Industries, Inc. ("Maineline") and a third-party complaint against Burlington Industries, Inc. ("Burlington").[1] Since service of process had not been made on Burlington within 120 days, the Court, on August 25, 1986, ordered that the action against Burlington be dismissed without prejudice pursuant to Fed.R.Civ.P. 4(j) ("Rule 4(j)").

After the Court granted Palco's unopposed motion for leave to add an additional party on its counterclaim, Palco filed a second amended answer and counterclaim. This pleading contains essentially the same claims against Burlington as those previously dismissed. Burlington has again moved to dismiss. It argues that Rule 4(j) would be a nullity if a party could

---

1. The parties have characterized the action against Burlington as a "counterclaim." A counterclaim, however, is made against a plaintiff, a party already in the case. Burlington is a third-party to the case and, therefore, Palco's action against Burlington is a third-party action. *See* Fed.R.Civ.P. 14.

renew its claim after dismissal simply by filing and serving an amended pleading. On the other hand, Palco contends that it should be allowed to refile its action because a Rule 4(j) dismissal is without prejudice.

Rule 4(j) provides:

Summons: Time Limit for Service. If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion. This subdivision shall not apply to service in a foreign country pursuant to subdivision (i) of this rule.

Since Rule 4(j) mandates dismissal of the action as to unserved parties, simply amending a pleading does not renew a dismissed action. Instead, an entirely new action must be commenced. *See* 128 Cong. Rec. H9849 (daily ed. Dec. 15, 1982) (statement of Rep. Edwards) (a Rule 4(j) dismissal leaves a plaintiff "in the same position as if the action had never been filed." (footnote omitted)). *See also Wei v. State of Hawaii*, 763 F.2d 370, 372 (9th Cir.1985) (concluding that after a Rule 4(j) dismissal, an action may be time barred).

■ A plaintiff whose complaint is dismissed pursuant to Rule 4(j), brings a new action by filing a new complaint with the court, paying a new filing fee and, within 120 days, serving the summons and the new complaint on the defendant. Since a Rule 4(j), dismissal is made without prejudice, the new action cannot be met with the defense of *res judicata*. Other defenses, including those based on the statute of limitations, however, survive.

Based on this reasoning, the sole issue to be resolved in this case is how does a defendant/third-party plaintiff renew its third-party action after a Rule 4(j) dismis-

sal.[2] Since dismissal leaves the defendant/third-party plaintiff in the same position as if the third-party action had never been filed, a new third-party action must be brought. Fed.R.Civ.P. 14(a) establishes the procedures for impleading a third party. If a defendant brings such an action more than ten days after service of its original answer, the defendant must obtain leave from the court. *Id.*

■ Therefore, to bring a new third-party action where, as here, more than 10 days have passed since the original answer was served, the defendant must move the court for leave to file a third-party action, attach a copy of the new third-party complaint with the motion, and, if the motion is granted, cause a summons and complaint to be served upon the third-party defendant within 120 days. Of course, the court may deny such motions if the defendant engages in a pattern of dilatory conduct, *e.g.*, ignoring the provisions of Rule 4(j).

■ In this case, Palco did not file a new third-party action or move the Court for leave to do so. Instead, it tried to renew its action by amending its answer and adding Burlington to its counterclaim. This is not permissible under Rule 4(j). Therefore, the action against Burlington must be dismissed.

IT IS, THEREFORE, HEREBY ORDERED that Burlington's motion to dismiss is GRANTED. The action against Burlington shall be dismissed without prejudice.

---

**2.** Although Rule 4(j) literally applies only to the "complaint," the Court finds that the Rule was intended to apply to third-party actions as well. *See* 128 Cong.Rec. H9848, *supra,* at n. 23.