James R. STINSON, Carmeline Stinson, h/w

v.

KAISER GYPSUM COMPANY, INC., Appellant.

No. 91–1940.

United States Court of Appeals, Third Circuit.

Argued May 12, 1992.

Decided Aug. 12, 1992.

Patrick J. Hagan, Kincaid, Gianunzio, Caudle & Hubert, Oakland, Cal., Daniel J. Ryan, Jr., Marshall, Dennehey, Warner, Coleman & Goggin, Philadelphia, Pa., Thomas Kirby (argued), Wiley, Rein & Fielding, Washington, D.C., for appellant.

Robert E. Paul, Richard P. Myers (argued), Paul, Reich & Myers, Philadelphia, Pa., for appellee.

Before: STAPLETON, ALITO, and ALDISERT, Circuit Judges.

---

OPINION OF THE COURT

STAPLETON, Circuit Judge:

This is an appeal by Kaiser Gypsum Company, Inc. ("Kaiser") from an order denying its motion to dismiss on limitations grounds. James and Carmeline Stinson, the plaintiffs in the district court, filed this suit three years after James Stinson was diagnosed as having pleural thickening resulting from asbestos exposure. The applicable statute of limitations is two years. The Stinsons filed an earlier suit against Kaiser, and 54 other defendants, in the same court, one year after the diagnosis, but the suit was dismissed against Kaiser, pursuant to Rule 4(j) of the Federal Rules of Civil Procedure, because the only service of Kaiser, within the 120 day service period, was ineffective.

The district court, in the present suit, determined that under Rule 401 of the Pennsylvania Rules of Civil Procedure, the Stinsons could treat this suit as a continuation of their original suit against Kaiser so that the commencement of that original suit within the limitations period satisfied the applicable statute of limitations. We conclude, however, that Rule 401 is inapplicable in this situation. Accordingly, since the complaint in this suit was not filed until after the limitations period had run, it is barred by the statute of limitations. We will therefore reverse and remand with instructions to dismiss the Stinsons' complaint.

## I.

On April 5, 1988, James Stinson was diagnosed as having pleural thickening resulting from asbestos exposure. On March 6, 1990, one month before the expiration of Pennsylvania's two-year statute of limitations, the Stinsons filed a personal injury diversity action in the United States District Court for the Eastern District of Pennsylvania, naming Kaiser and 54 other companies as defendants.

On March 7, 1990, the Stinsons mailed Kaiser a copy of the complaint and summons, and two copies of a notice and acknowledgment of receipt of the summons and complaint. These items were sent by certified mail, return receipt requested. In a letter dated April 3, 1990, Kaiser wrote the Stinsons stating that it had received the complaint, but that it refused to return the notice, and that the Stinsons were thus required to serve Kaiser personally. The Stinsons did not take further steps to serve Kaiser within the 120 day service period of Federal Rule of Civil Procedure 4(j).[1] On September 17, 1990, the Stinsons personally served Kaiser at its California headquarters. However, because the Stinsons had not served Kaiser within the 120–day period, and had not established good cause for such failure, the district court dismissed the complaint as to Kaiser under Rule 4(j). The Stinsons did not appeal this dismissal. Thereafter, the Stinsons "reserved" Kaiser with the complaint in the same action. This led to a second order by the district court, entered February 25, 1991, again dismissing the complaint as to Kaiser pursuant to Rule 4(j). The Stinsons did not appeal this dismissal either.[2]

On March 11, 1991, the Stinsons filed a new complaint in the same district court, naming Kaiser as the only defendant. On March 27, 1991, the Stinsons served the complaint on Kaiser by hand. Kaiser then filed a motion to dismiss based in part on

---

1. Rule 4(j) provides in pertinent part as follows:
   If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant.

2. As we have noted, the Stinsons maintain that they are entitled to keep their original action alive, despite the Rule 4(j) dismissal, by following the reissue and reserve of process procedure set forth in Rule 401. It seems likely to us that they would have relied on Rule 401 when their reservice of the complaint following its dismissal was called into question. If they did, the subsequent dismissal of that complaint and their failure to appeal that dismissal might collaterally estop them from making the argument they press before us. The record in this case, however, does not reflect the justification advanced by the Stinsons for their reservice on Kaiser and, accordingly, we do not rest our decision on issue preclusion.

the statute of limitations. The district court denied Kaiser's motion to dismiss, reasoning that the Stinsons' filing of their complaint and their giving factual notice to Kaiser in the first suit satisfied the statute of limitations. Subsequently, the district court certified its ruling for interlocutory appeal, pursuant to 28 U.S.C. § 1292(b), and this Court granted Kaiser's petition for leave to appeal. Our review is plenary. *Marshall–Silver Construction Co., Inc. v. Mendel*, 894 F.2d 593, 595 (3d Cir.1990).

## II.

■ We must first identify the applicable limitations period and determine when an action is commenced for limitations purposes. It is clear that a federal court sitting in diversity must look to state law to determine these issues. *Walker v. Armco Steel Corp.*, 446 U.S. 740, 752–53, 100 S.Ct. 1978, 1986, 64 L.Ed.2d 659 (1980). According to 42 Pa.C.S.A. § 5524, "[a]n action to recover damages for injuries to the person ... caused by the wrongful act or neglect or unlawful violence or negligence of another," must be commenced within two years. Pa.R.Civ.P. 1007(1) provides that an action may be commenced by filing with the prothonotary a complaint or a praecipe for a writ of summons. Accordingly, under Pennsylvania law, an action for personal injury is commenced within the statute of limitations if a complaint or praecipe for a writ of summons is filed within two years.

■ The Stinsons' argument that this second action is not barred by limitations is based on Pa.R.Civ.P. 401.[3] According to Rule 401(a), "[o]riginal process shall be served within the Commonwealth within thirty days after issuance of the writ or the filing of the complaint." Rule 401(b), however, provides that:

(1) If service within the Commonwealth is not made within the time prescribed by subdivision (a) of this rule ...

the prothonotary upon praecipe and upon presentation of the original process, shall continue its validity by reissuing the writ or reinstating the complaint, by writing thereon "reissued" in the case of a writ or "reinstated" in the case of a complaint.

(2) A writ may be reissued or a complaint reinstated at any time and any number of times. A new party defendant may be named in a reissued writ or a reinstated complaint.

. . . . .

(4) A reissued, reinstated or substituted writ or complaint shall be served within the applicable time prescribed by subdivision (a) of this rule or by Rule 404 after reissuance, reinstatement or substitution.

The Pennsylvania Supreme Court explains the functioning of Rule 401 as follows: "the mere filing of a praecipe to commence an action is sufficient to toll the running of the statute of limitations and ..., although [401(a)] provides that a writ shall be served within thirty days after issuance or filing, it may, pursuant to [401(b)], be reissued at any time after the original issuance during a period equivalent to that permitted by the applicable statute of limitations for the commencement of the action; further, each valid reissuance gives rise to a new equivalent period during which the writ may again be reissued ... [However,] a writ of summons shall remain effective to commence an action only if the plaintiff then refrains from a course of conduct which serves to stall in its tracks the legal machinery he has just set in motion." *Lamp v. Heyman*, 469 Pa. 465, 366 A.2d 882, 885, 889 (1976). As this court has noted, a plaintiff merely has to "compl[y] in good faith with the procedural requirements and local practice for the issuance and service of a writ of summons," in order to extend the time period for ser-

---

**3.** The Stinsons also argue that the district court, in the earlier suit, erroneously dismissed their complaint for failure to properly serve Kaiser within the 120 day period provided by Rule 4(j). They insist that they served Kaiser pursuant to Fed.R.Civ.P. 4(c)(2)(C)(i). The Stinsons' did not appeal the judgment in the earlier suit, however, and they are not free to address this argument to this court on this appeal.

vice. *Patterson v. American Bosch Corp.*, 914 F.2d 384, 391 (3d Cir.1990).

Having laid out the foundation of the Stinsons' argument, we pause to note an assumption made by both sides that we regard as a debatable proposition. Both sides assume that the dispositive issue in this appeal is governed by Pennsylvania law. While we need not and do not so hold, we would not want to create a situation in which silence might be taken as an unqualified affirmation of this proposition. Clearly the district court has been correct throughout in applying the time schedule for service found in Rule 4(j) rather than the time schedule for service found in Rule 401. When a state rule that would otherwise be applicable in a diversity case conflicts with a federal rule of civil procedure that is authorized by the Enabling Act, a district court is required to follow the federal rule. *Hanna v. Plumer*, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965). The dispute between the parties here, however, is not about which schedule for service should be followed, but rather about the effect of a Rule 4(j) dismissal for limitations purposes. We regard the appropriate choice of law for resolving that dispute as presenting a debatable question.[4] We need not resolve that issue, however, because the decision of the district court must be

reversed whether Pennsylvania or federal law is the correct choice.[5] Accordingly, in order to avoid an unnecessary decision of the issue described above, we will hereafter confine our discussion to Pennsylvania law.

■ While a timely filed complaint or praecipe for writ of summons satisfies the statute of limitations under Pennsylvania law as far as that action is concerned, the Pennsylvania rule as to new actions is the same as the generally accepted rule. If a timely filed action is dismissed after the limitations period measured from the accrual of the claim, has run, a new action on the same claim is time barred unless a limitations savings statute provides otherwise. *Royal–Globe Ins. Cos. v. Hauck Mfg. Co.*, 233 Pa.Super. 248, 252, 335 A.2d 460, 462 (1975) (adopting the general rule of *Willard v. Wood*, 164 U.S. 502, 17 S.Ct. 176, 41 L.Ed. 531 (1896)); *Williams Studio Div. of Photography By Tallas, Inc. v. Nationwide Mut. Fire Ins. Co.*, 380 Pa.Super. 1, 7–8 & n. 5, 550 A.2d 1333, 1336–37 & n. 5 (1988).

According to Pennsylvania's savings statute, "if a civil action ... is timely commenced and is terminated, a party ... may ... commence a new action upon the same cause of action within one year after the termination." 42 Pa.C.S.A. § 5535(a)(1). The statute, however, states that this au-

---

**4.** Rule 4(j) is designed to force plaintiffs who avail themselves of a federal forum to proceed with diligence. It provides that if service is not effected within 120 days and good cause for such failure is not shown, "the action shall be dismissed." While the dismissal is "without prejudice," it is nevertheless a dismissal and Congress clearly contemplated that a plaintiff wishing to proceed would have to file a new suit. *See* 128 Cong.Rec. H9849 (daily edition Dec. 15, 1982) (Statement of Rep. Edwards) (a Rule 4(j) dismissal leaves a plaintiff "in the same position as if the action had never been filed.") It is debatable, however, whether Congress, in approving the dismissal provision of Rule 4(j), intended to control the efficacy of a new filing when the statute of limitations has run during the pendency of the dismissed action.

Since the inability to refile in such a case is a substantial sanction supporting the policy behind Rule 4(j), one can argue that the bar to refiling is an integral part of Rule 4(j) and that any state rule which would eliminate this sanction is fatally inconsistent with federal policy.

Clearly, Congress intended, at least in cases governed by federal law, that a dismissal after limitations had run would dispose of the plaintiff's claims. *Lovelace v. Acme Markets, Inc.*, 820 F.2d 81, 85 (3d Cir.), *cert. denied*, 484 U.S. 965, 108 S.Ct. 455, 98 L.Ed.2d 395 (1987); *Powell v. Starwalt*, 866 F.2d 964, 966 (7th Cir.1989); *United States for Use and Benefit of DeLoss v. Kenner General Contractors, Inc.*, 764 F.2d 707, 711 n. 5 (9th Cir.1985); *Maineline Industries, Inc. v. Palco Linings, Inc.*, 113 F.R.D. 148, 150 (D.Nev.1986). On the other hand, one can argue that the effect for limitations purposes of the dismissal required by Rule 4(j) is no more a part of that Rule than the effect for limitations purposes of the filing of a complaint under Fed.R.Civ.P. 3 is a part of that Rule. If this be a sound analogy, *Walker v. Armco Steel Corp.*, 446 U.S. 740, 100 S.Ct. 1978, 64 L.Ed.2d 659 (1980) would require the application of the state rule. As indicated in the text, we express no opinion on this choice of law issue.

**5.** As we have noted in footnote 4, this suit would be barred under federal law.

thorization does not apply to "an action to recover damages for injury to the person." Nor does it apply when the original action has been terminated by a voluntary dismissal for want of prosecution on a disposition on the merits. 42 Pa.C.S.A. § 5535(a)(2).

Against this background, we must predict whether the Supreme Court of Pennsylvania would read Rule 401 as applicable to a situation in which the original complaint has been dismissed by judicial action. Unfortunately, we must make our prediction without help from the Pennsylvania case law. We have found no case in which Rule 401 has been held applicable in such a situation. On the other hand we have found no case ruling out that possibility.[6]

In the absence of relevant case law, we turn to the text of Rule 401. That rule authorizes the clerk of court, upon application, to "continue" the validity of the original process by writing "reissued" on the writ or "reinstated" on the complaint. This continuation is effected by a ministerial act; the plaintiff is entitled to it as a matter of right. Accordingly, the effect of applying Rule 401 after the dismissal of a complaint by an order of the court, is to confer upon the plaintiff the right to an automatic reversal of the order of dismissal without further judicial action. While a court rule could undoubtedly so provide, such a result would be sufficiently unusual that we doubt such an application of Rule 401 was intended by the drafters of Rule 401.

More importantly, the Supreme Court of Pennsylvania in determining the scope of Rule 401 would be required to harmonize it with Pennsylvania's savings statute. That statute reflects a legislative determination of the Commonwealth's policy regarding limitations when a suit is dismissed. It provides that in most instances where the dismissal is for a reason unrelated to the merits, limitations will not bar a new suit instituted by the plaintiff within a year. Personal injury actions, however, are specifically excluded. So too are situations where the original suit is dismissed for want of prosecution. If Rule 401 were read as the Stinsons would read it—to include a situation where the first suit has been dismissed for non-merits reasons, there are many cases in which Rule 401 and the savings statute would dictate different results. We believe the Supreme Court of Pennsylvania would construe Rule 401 to avoid any such conflict and would thus hold that the savings statute, rather than Rule 401, governs in any situation in which a suit has been dismissed by the court.

We therefore hold that Rule 401 does not authorize the revival and continuation of the Stinsons' original suit against Kaiser.

### III.

Since this suit was not commenced within two years from the date on which Mr. Stinson was diagnosed as having pleural thickening, the district court should have granted Kaiser's motion to dismiss based on Pennsylvania's two-year statute of limitations. We will therefore reverse and remand so that it may do so.

---

6. In *Beck v. Minestrella*, 264 Pa.Super. 609, 401 A.2d 762 (1979), relied upon by the Stinsons, the original action had not been dismissed but when the plaintiffs went to have the original complaint reinstated, the complaint was "inadvertently filed at a new number." The court held that if "there were any defect in this procedure it did not affect 'the substantial rights of the parties.'" 401 A.2d at 763. Since the original action in *Beck* had not been dismissed, the issue we here confront was not before the court there.

In *Rosenberg v. Nicholson*, 408 Pa.Super. 502, 597 A.2d 145 (1991) the court declined to apply Rule 401 to save the plaintiff from a limitations bar in a situation in which the original complaint had been dismissed by judicial action. The court relied primarily on the doctrine of *Lamp v. Heyman*, 469 Pa. 465, 366 A.2d 882 (1976) and, accordingly, that case is not helpful here.