690 A.2d 732

Lisa Costanzo SHACKELFORD, Administratrix of the
Estate of Robert Joseph Shackelford a/k/a/ Baby
Boy Costanzo, Appellant,

v.

CHESTER COUNTY HOSPITAL and
Albert A. Lucine, Jr., M.D.

Superior Court of Pennsylvania.

Argued Jan. 9, 1997.

Filed March 5, 1997.

Joseph J. Schafle, Jr., Philadelphia, for appellant.

George H. Knoell, III, Norristown, for appellee.

Before CIRILLO, President Judge Emeritus, and KELLY and MONTEMURO,* JJ.

CIRILLO, President Judge Emeritus:

Lisa Costanzo Shackelford, Adminstratrix of the Estate of Robert Joseph Shackelford (a/k/a Baby Boy Costanzo), appeals from the order entered by the Court of Common Pleas of Chester County granting summary judgment in favor of Appellee, Albert A. Lucine, Jr., M.D. We reverse.

Lisa Shackelford commenced this negligence action against Appellee Albert A. Lucine, Jr., M.D. (Lucine) and the Chester County Hospital (Hospital) following medical care provided by Appellee and the Hospital to Appellant and her deceased infant son. Appellant alleges that Dr. Lucine failed to determine the correct due date of her baby, resulting in a failure to induce and deliver the baby in a timely manner.[1] Fetal distress following the infant's birth led to his death on October 30, 1983.

On October 25, 1985 Appellant commenced her action against Lucine and the Hospital by filing a praecipe for writ of summons.[2] *See* Pa.R.C.P. 1007. A sheriff later attempted to

* Retired Justice assigned to the Superior Court.

1. The facts evidence that Baby Boy Costanzo was delivered by caesarian section on October 29, 1983. Hours after his delivery, the infant experienced fetal distress and difficulty breathing. The baby was transferred to a Philadelphia hospital where he died on October 30th.

2. The statute of limitations governing Shackelford's negligence action against defendants is controlled by a two-year statute of limitations period. Under Pennsylvania law, our courts require that an action to recover damages for injuries resulting from the wrongful act or negligence of another must be commenced within two years. *See* 42 Pa.C.S.A. § 5524; *see also Bigansky v. Thomas Jefferson Univ. Hosp.,* 442 Pa.Super. 69, 658 A.2d 423 (1995); *Cahill v. Schults,* 434 Pa.Super.

serve the writ upon Lucine, on five separate occasions, at the doctor's office located in the Paoli Memorial Medical Building. The sheriff's attempts, however, proved unsuccessful.[3] A sheriff's return card indicated the following dates and results of the attempts at service: 10/30/85—Bad address; 10/30/85—office closed; 11/07/85—office closed; 11/08/85—office closed; 11/12/85—office closed.

Lucine moved for summary judgment asserting that Appellant's action was barred because Shackelford failed to make a good faith effort to effect timely service of the writ upon him within the 30-day period prescribed by our rules of civil procedure.[4] By not serving the writ in a timely fashion, he claims that Appellant failed to toll the statute of limitations period on her action. The trial court agreed and granted the motion, stating:

> Our decision is controlled by the absence of any later attempts on the part of plaintiff [Appellant] to correct the address [of Lucine's office], if necessary, or to attempt service at another location. Even the sheriff, following the unsuccessful service attempts, suggested ... "try home address maybe." Plaintiff's failure, for a period of nearly a year, to take any affirmative measures to effect service constitutes an absence of good faith.... Simple and easy measures could have been taken to locate and serve Dr. Lucine.

332, 643 A.2d 121 (1994). There is no dispute that Shackelford commenced the present negligence action within the applicable statute of limitations period.

3. The Appellant succeeded in serving the writ upon the Hospital on October 31, 1985. Such service, made six days after the writ issued, was properly effectuated within the time permitted by our rules of civil procedure. *See* Pa.R.C.P. 401(a) (original process shall be served within the Commonwealth within thirty days after the issuance of the writ).

4. Initially, we note that Lucine properly raised the defense of the statute of limitations in his new matter contained within his answer. *See* Pa.R.C.P. 1030 (affirmative defenses, including statute of limitations, must be raised by way of new matter rather than preliminary objections).

Appellant attempted to certify this order for immediate appeal. The trial court denied certification and the appellant filed a petition to review in the superior court. Our court issued a *per curiam* order denying Shackelford's petition to review, pursuant to Pa.R.A.P. 702(b), finding that the order was not final and appealable because the Hospital remained a party to the underlying litigation. *See* Pa.R.A.P. 341(c) (any order that adjudicates fewer than all the claims or parties shall not constitute a final order). The case proceeded to trial against the Hospital. During trial, however, the parties agreed to settle the action and a praecipe to settle, discontinue, and end the case was entered.[5] Shackelford then filed a second, timely notice of appeal with regard to the December 1, 1994 summary judgment order. Shackelford now asserts the following issue for our review: Did the trial court err in granting Summary Judgment to Appellee, Albert A. Lucine, Jr., M.D.?

When we review the grant of a motion for summary judgment, our scope of review is well-settled: summary judgment is properly granted where "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Pa.R.C.P. 1035(b). Summary judgment may be granted only where the right is clear and free from doubt. *Musser v. Vilsmeier Auction Co. Inc.*, 522 Pa. 367, 369, 562 A.2d 279, 280 (1989). The moving party has the burden of proving that there is no genuine issue of material fact. *Thompson Coal Co. v. Pike Coal Co.*, 488 Pa. 198, 412 A.2d 466 (1979). The record and any inferences therefrom must be viewed in the light most favorable to the nonmoving party, and any doubt must be resolved against the moving party. *Davis v. Pennzoil*, 438 Pa. 194, 264 A.2d 597 (1970). The trial court will be overturned on the entry of summary judgment only if there has been an error of law or a clear abuse of discretion. *Hetrick v. Apollo Gas Co.*, 415 Pa.Super. 189, 608 A.2d 1074 (1992).

---

**5.** Appellant and the Hospital settled for the sum of $50,000.00. After apportioning attorney's fees and costs, Appellant received $22,809.87.

■ Appellant contends that she conducted a good faith effort to effectuate service of the writ upon Dr. Lucine and that she was not required to repeatedly attempt to serve Dr. Lucine until such efforts proved successful. Accordingly, Shackelford claims that because the law of this Commonwealth only requires that plaintiffs make "an *initial* good faith attempt to serve the Defendant by promptly delivering the Writ, instructions and fee to the Sheriff," the trial court erred in granting Lucine's summary judgment motion. We agree.

Under Pennsylvania Rule of Civil Procedure 1007, a plaintiff may commence a civil action by filing with the prothonotary either a praecipe for a writ of summons or a complaint. Pa.R.C.P. 1007. The rules also require that "original process ... be served within the Commonwealth within thirty days after the issuance of the writ or the filing of the complaint." Pa.R.C.P. 401. Furthermore, original service may be effectuated in any of the following ways:

(1) by handing a copy to the defendant; or

(2) by handing a copy

(1) at the residence of the defendant to an adult member of the family with whom he resides; but if no adult member of the family is found, then to an adult person in charge of such residence; or

(ii) at the residence of the defendant to the clerk or manager of the hotel, inn, apartment house, boarding house or other place of lodging at which he resides; or

(iii) **at any office or usual place of business of the defendant to his agent or to the person for the time being in charge thereof.**

Pa.R.C.P. 402(a) (emphasis added).

It is well recognized that the filing of a praecipe to commence an action is sufficient to toll the running of the statute of limitations. *Lamp v. Heyman*, 469 Pa. 465, 366 A.2d 882 (1976). Plaintiffs, however, are required to make a good faith effort to notify a defendant of a commenced action; "good faith" is to be assessed on a case-by-case basis. *Farinacci v. Beaver County Indus. Dev. Auth.*, 510 Pa. 589, 511 A.2d 757

(1986), *accord Green v. Vinglas,* 431 Pa.Super. 58, 635 A.2d 1070 (1993). The purpose of a "good faith" requirement is "to avoid the situation in which a plaintiff can bring an action, but, by not making a good faith effort to notify a defendant, retain exclusive control over it for a period in excess of that permitted by the statute of limitations." *Schriver v. Mazziotti,* 432 Pa.Super. 276, 280, 638 A.2d 224, 225 (1994) (quoting *Lamp v. Heyman,* 469 Pa. 465, 477–79, 366 A.2d 882, 889 (1976)).

The trial court relies upon our supreme court's landmark case, *Lamp v. Heyman, supra,* to justify its decision to grant summary judgment in favor of Lucine. In *Lamp,* after the plaintiff sustained injuries from an automobile accident, plaintiff's attorney filed a praecipe for writ of summons in trespass against the defendants in the Beaver County Court of Common Pleas within the applicable two-year statute of limitations period. Due to faulty instructions given by plaintiff's attorney, however, the prothonotary failed to deliver the writ to the sheriff so that it could be issued. Consequently, the writ was never served upon defendants within the statute of limitations. The plaintiff subsequently filed a praecipe for reissuance of the writ with a complaint. Again, service was never effectuated. Plaintiff then filed a second praecipe for reissuance of the writ upon which service was finally made. Defendants then filed preliminary objections asserting that the original writ of summons was a "nullity" due to the attorney's faulty instructions to the prothonotary,[6] and, therefore, the action was barred for failure to commence the action within the appropriate statute of limitations period.

The trial court sustained the defendants' objections and entered judgment in their favor. Our court affirmed the trial court on appeal. On petition to the supreme court, Justice Eagen reversed the Pennsylvania Superior Court decision and refused to find the plaintiff's action barred by the statute of limitations. In its decision, the supreme court made the following proclamation:

**6.** Apparently, plaintiff's attorney told the prothonotary not to deliver the writ to the sheriff's office.

[P]ursuant to our supervisory power over Pennsylvania courts, we rule that henceforth, i.e., in actions instituted subsequent to the date of this decision, **a writ of summons shall remain effective to commence an action only if the plaintiff then refrains from a course of conduct which serves to stall in its tracks the legal machinery he has just set in motion.**

*Id.* at 478, 366 A.2d at 889 (emphasis added).

The facts of the present case reveal the following: on October 25, 1985, Appellant filed the praecipe and issued the writ of summons against Dr. Lucine. The defendants' alleged negligence, which consisted of Appellant's pre-natal care, the delivery of the baby, and post-natal care of the baby, accrued on October 30, 1983—the date of Baby Boy Costanzo's death. *See Moyer v. Rubright,* 438 Pa.Super. 154, 651 A.2d 1139 (1994) (medical malpractice action brought by husband following wife's death due to failure to diagnose wife's breast cancer is derivative of original tortious act which would have supported decedent's own cause of action; decedent's cause of action accrued and statute of limitations began to run on date of decedent's death).

The writ of summons, issued five days prior to the expiration of the statute of limitations period, technically tolled the statute. *Lamp, supra.* Moreover, by filing the writ, plaintiff extended the statute of limitations on her action for two years from the filing date. *See Beck v. Minestrella,* 264 Pa.Super. 609, 401 A.2d 762 (1979) (issuance and delivery of writ keeps action alive for a period equal to the original period of limitation applicable to the action). Next, Appellant made her first, albeit unsuccessful, attempt to serve the writ upon the defendant five days after issuing the writ—well within the 30–day period prescribed by Pa.R.C.P. 401. Additionally, Appellant attempted to serve the writ four more times throughout October and November of 1985. These attempts, also unsuccessful, were likewise performed within the Rule 401 thirty-day window. *See* Pa.R.C.P. 401.

Less than two months after making her final attempt to serve the writ upon Lucine, Appellant filed a complaint against the defendant on January 2, 1986.[7] Upon the filing of this complaint, Shackelford was required to complete service within the applicable time prescribed by subdivision (a) of Rule 401, or, 30 days. *See* Pa.R.C.P. 401(**b**)(4). Rather than serving the complaint within 30 days, Shackelford waited nine months and reinstated this same complaint on October 6, 1986. *See Fox v. Thompson*, 377 Pa.Super. 39, 546 A.2d 1146 (1988) (a writ or complaint is not dead merely because the complaint is not served within thirty days of its filing; the complaint **may be reissued at any time,** within the statute of limitations period, without requiring that appellants commence a new lawsuit); *see also Smith v. City of Philadelphia*, 148 Commw. Ct. 84, 609 A.2d 873 (1992) (once time to serve writ or complaint has expired, all plaintiff must do in order to extend the time for service is to reinstate the complaint before service is again attempted). Appellant finally effected valid service of process upon Dr. Lucine on *November 3, 1986. See* Pa.R.C.P. 401(**b**)(4). Ironically, this successful service was made at the doctor's Paoli office—the same location/address noted on the original writ of summons. Although Appellant's filing of the praecipe effectively tolled the statute of limitations on her negligence action, *Lamp, supra,* Appellee alleges that plaintiff's failure to make a good faith effort to serve process within 30 days from the issuance of the writ should bar her from continuing her action.

 Generally, a plaintiff's actions must amount to good faith in order to toll the statute of limitations on an action when proper service has not been effectuated. *Lamp, supra.* To qualify this general proposition, our court has also held:

> [I]t is not necessary [that] the plaintiff's conduct be such that it constitutes some bad faith act or overt attempt to delay before the rule of *Lamp* will apply. [citation omitted] **Simple neglect and mistake to fulfill the responsibility**

7. The filing of the complaint is treated as alternative original process and is the equivalent, for all intents and purposes, of a reissued writ. *See* Pa.R.C.P. 401(**b**)(5).

**to see that requirements for service are carried out may be sufficient to bring the rule in *Lamp* to bear.** [citation omitted] **Thus, conduct that is unintentional that works to delay the defendant's notice of the action may constitute a lack of good faith on the part of the plaintiff.**

*Rosenberg v. Nicholson,* 408 Pa.Super. 502, 509–10, 597 A.2d 145, 148 (1991) (emphasis added).

Due to Shackelford's repeated attempts to have the sheriff serve Dr. Lucine five times before the expiration of the writ, and because plaintiff effectuated valid service of process upon Lucine well within the statute of limitations, we cannot find that Appellant engaged in the course of conduct admonished in the *Lamp* decision.

Appellant relies heavily upon *Beck v. Minestrella,* 264 Pa.Super. 609, 401 A.2d 762 (1979), to justify her statement that "an *initial* good faith attempt to serve the Defendant by promptly delivering the Writ, instructions and fee to the Sheriff" is all that is required to effectively toll the statute of limitations in the present matter. In *Beck,* a case which was decided immediately following *Lamp,* plaintiffs filed a praecipe for a writ of summons in trespass on July 23, 1975—within the two year statute of limitations on their personal injury action. The writ was delivered to the sheriff and service was attempted five days later on the 28th. The sheriff was unsuccessful, however, in serving the writ. The sheriff returned the writ, and on April 25, 1977, plaintiffs filed a complaint against the defendants. The sheriff was again unsuccessful in serving process on the defendants and returned the complaint to plaintiffs. On July 25, 1977, over two years after filing their initial praecipe, the plaintiffs reinstated the complaint, directed the sheriff to serve the pleading; service was effectively made.

The trial court held that the action was time barred and that the defendants were entitled to judgment on the pleadings. On appeal, our court reversed this decision stating:

We think it clear that *Lamp* is not applicable. The plaintiffs here in each instance delivered to the sheriff for service

the writ, the complaint in trespass, and the reinstated complaint. Each such issuance and delivery kept the action alive for a period equal to the original period of limitation applicable to the action. *Zarlinsky v. Laudenslager*, 402 Pa. 290, 167 A.2d 317 (1961). At no time does the record indicate that he did anything to impede the service of the various papers or engage in any conduct of any kind "to stall in its tracks the legal machinery."

*Id.* at 613, 401 A.2d at 764.

We, like Appellant, find *Beck* instructive with regard to the present issue on appeal. We cannot overlook, however, the numerous cases decided subsequent to the *Beck* and *Lamp* decisions that revisit the *Lamp* rule and justify our reversal of the trial court.

"[A]lthough there is no mechanical approach to be applied in determining what constitutes a good faith effort, it is the plaintiff's burden to demonstrate that his [or her] efforts were reasonable." *Bigansky*, 442 Pa.Super. at 90, 658 A.2d at 433 (citations omitted). In the present case, we find that Shackelford demonstrated such reasonable efforts.

First, we acknowledge, as does the trial court, that Shackelford could have attempted to serve process on the defendant at alternative locations, rather than merely at his Paoli medical office. What we cannot fail to recognize, however, is the fact that Shackelford was not required to attempt service at these locations in order to fulfill her good faith requirement. *See Gutman v. Giordano*, 384 Pa.Super. 78, 557 A.2d 782 (1989) (plaintiff's instructions to seek service upon defendant at place of employment does not represent a lack of good faith effort to notify defendant of suit; when it was agreed that defendant worked at address where service was first attempted, plaintiff was not required to direct service to defendant's residence). Furthermore, Appellant did not attempt to serve the writ to the defendant's incorrect address; in fact, the complaint was ultimately served upon the defendant at the exact address indicated on the writ of summons. *Cf. Rosenberg v. Nicholson*, 408 Pa.Super. 502, 597 A.2d 145 (1991)

(plaintiff's attempts to serve defendant at incorrect address, both before and after receiving correct address from post office, constituted lack of reasonableness and good faith so as to fail to toll statute of limitations).

Next, we distinguish this case from other decisions that have barred a plaintiff's action where certain fees were never paid by the plaintiff, and, thus, prevented the serving of process. *Cf. Green, supra* (original writ of summons did not toll statute of limitations, and, thus, complaint and writ issued after statute had run were untimely; plaintiff failed to prepay sheriff's office for deputized service as required by local practice); *Farinacci, supra* (plaintiff's attorney that filed praecipe for writ on last day before running of statute of limitations, who misplaced file and instructions for sheriff, and who then forgot to pay sheriff fees to issue the writ until four weeks later, failed to make good-faith effort to effectuate service of writ of summons and thus required dismissal of action). Finally, Appellant did not circumvent any of the rules of civil procedure in attempting to effectuate service of the writ; she contacted the prothonotary, had the sheriff attempt to serve the writ, and paid the appropriate sheriff fees. *Compare Cahill v. Schults,* 434 Pa.Super. 332, 643 A.2d 121 (1994) (plaintiff's counsel did not make a "good-faith" effort to effectuate service where counsel failed to attach check payable to the sheriff with the order for service; plaintiff's failure to complete service within 30 days from filing his complaint warranted dismissal of action) *and Schriver, supra* (plaintiff's failure to comply with local procedural rules by not returning service instructions form to sheriff's office, and then when presented with opportunity to effectuate proper service, failed to do so in a timely manner, failed to toll statute of limitations) *with Leidich v. Franklin,* 394 Pa.Super. 302, 575 A.2d 914 (1990) (plaintiff's counsel, instead of allowing prothonotary to deliver writ to the sheriff for service, issued writ himself by taking personal possession of it and having it delivered to the defendants by first class mail; although such delivery was in contravention of Pennsylvania Rules of Civil Procedure, defendant was not prejudiced by defective service and plaintiff's

course of conduct not illustrative of actions "to stall the machinery of justice.").

It was well known that Lucine conducted his medical practice at the Paoli Memorial Building address located on the writ of summons when the sheriff attempted to serve the writ five times *before* the expiration of the writ.[8] *Cf. Ferrara v. Hoo-*

8. We note that our court has failed to bar a plaintiff's cause of action even when there has been no attempt to serve the defendant before the thirty-day expiration period on a validly filed writ. In *Gould v. Nazareth Hospital*, 354 Pa.Super. 248, 511 A.2d 855 (1986) (plurality opinion), the plaintiff filed the praecipe for writ of summons on August 8, 1983—three days before the expiration of the statute of limitations period. Although the writ was issued on this same day, service of the writ was not first attempted on the defendant-doctor until five days *after* the writ expired (September 12, 1983). The first attempt at service by the sheriff was unsuccessful due the fact that the defendant-doctor no longer maintained an office at the hospital address contained on the writ. One month later, on October 5, 1983, the plaintiff filed a complaint against the defendant.

On November 15, 1983, the plaintiff in *Gould* reinstated the complaint and attempted to serve process upon the defendant twelve more times. These attempts proved equally unsuccessful; the sheriff's return of service noted that the defendant-doctor's offices were vacant and that the defendant had left no forwarding address. Finally, after deposing the defendant-doctor's father over one year from the initial service attempt, the plaintiff obtained defendant's new out-of-state address. The plaintiff then reinstated the complaint and perfected service upon the defendant at this new address on October 19, 1984—over one year after the initial writ was issued against the defendant.

Our court reversed the trial court's dismissal of plaintiff's complaint finding that:

Here, defendant made no allegation that plaintiff somehow prevented service from being attempted. The docket entries show that a writ was issued, service fees were paid, and defendant, Nazareth Hospital, was in fact served the following day. [T]he failure to attempt service during the life of the original writ was due to error *within the sheriff's office, and not to any affirmative action on the part of the appellant.* . . . The docket entries show that a writ was issued, service fees were paid, and defendant, Nazareth Hospital, was in fact served the following day. As plaintiff filed the complaint, reissued the writ, and perfected service within the two years of the original praecipe, the statute of limitations did not lapse.

*Gould*, 354 Pa.Super. at 250–52, 511 A.2d at 857 (emphasis added).

Similar to the plaintiff in *Gould*, Shackelford issued the writ, paid the proper service fees, and effectively served the Hospital within thirty days of issuing the writ. Additionally, the plaintiff eventually filed a complaint, reissued the complaint and perfected service of the complaint upon Lucine well within the statute of limitations period. In fact, Shackelford exhibited even more affirmative and good faith ac-

*ver,* 431 Pa.Super. 407, 636 A.2d 1151 (1994) (appellant's failure to attempt to effectuate service of the writ upon defendants within the 30–day Rule 401 period proved fatal to appellant's case; the two-year statute of limitations ran before writ issued, and, thus rendered moot appellant's further action to reissue the writ); *Gould v. Nazareth Hospital,* 354 Pa.Super. 248, 511 A.2d 855 (1986) (plurality opinion) (plaintiff-appellant's first attempt to serve writ upon defendant was not until five days *after* writ expired). Dr. Lucine testified that his practice was located at the Paoli Memorial Building when the sheriff attempted to serve the writ of summons through October and November of 1985. *Cf. Gould, supra* (plaintiff's first attempt to serve defendant-doctor at hospital after writ expired was unsuccessful because doctor no longer maintained offices within hospital). Although Appellant could have prae-ciped the prothonotary to reissue the writ or could have filed a complaint in order to extend the time period for service before the writ expired, Shackelford was permitted to do such acts at any time before the expiration of the two year statute of limitations period. *See* Pa.R.C.P. 401(b)(2) (if service not made within 30 days prescribed by rule 401(a), writ may be reissued *at any time and any number of times;* such reissued writ shall then be served within 30 days after the reissuance); *see also Fox, supra* (a writ or complaint is not dead merely because the complaint is not served within thirty days of its filing; the complaint may be reissued at any time, within the statute of limitations period, without requiring that appellants commence a new lawsuit).

. Moreover, we contrast the facts of this case with the facts of many other decisions that clearly evidence neglect, mistake, or a continuing lack of good faith on the part of the plaintiffs. This is not a case where Plaintiff merely filed a praecipe for a writ of summons and then *never* attempted to Shackelford took affirmative actions to have the sheriff repeatedly attempt to effect service of the writ upon Lucine at his office. *Cf. Fehr by Fehr v. Altman,* 357 Pa.Super. 50, 515 A.2d 317 (1986).

tions than the plaintiff in *Gould* by attempting to serve Lucine five times before the expiration of the writ.

Furthermore, we recognize that contrary to the trial court's findings, Shackelford was not required to attempt to serve Lucine at his residence in order to constitute a good faith effort on her part. *Gutman, supra.*

In sum, Appellant served process upon Dr. Lucine *twelve months* after the original filing of the writ. This service was reasonable in light of the fact that it was conducted well before the running of the two-year statute of limitations period on plaintiff's action. *Cf. Wible v. Apanowicz,* 306 Pa.Super. 262, 452 A.2d 545 (1982) (plaintiff was barred from bringing her cause of action where she did not reinstate complaint and serve complaint upon defendant until two days outside applicable two year statute of limitations period). In fact, it took plaintiff only two months longer to serve process upon Lucine than the plaintiff in *Lamp* and only month longer than the plaintiff in *Ferrara.* Under the facts of this case, we cannot classify Appellant's efforts at effecting service as demonstrative of a lack of good faith, an effort to stall the legal machinery, or an example of mistake or inadvertence. *Rosenberg, supra; cf. Wible,* 306 Pa.Super. at 268, 452 A.2d at 548 (where record lacked *any* indication that plaintiff, at any time *during two years* that the initial process remained valid, sought to have the sheriff again attempt to effect service, or to check a phone book, city directory, or other public source such as license files to verify incorrect address or avail herself of other means of service, summary judgment properly entered in favor of defendant).[9]

Order reversed.

**9.** While we recognize that United States Court of Appeals for the Third Circuit decisions are merely persuasive and not binding precedent upon this court, we note the following case that interpreted Pennsylvania state cases on the identical issue presented today. In *Patterson v. American Bosch Corp.,* 914 F.2d 384 (3d Cir.1990), the Third Circuit held that plaintiffs, who had complied with local procedure to effect service of process, did not have an ongoing, good faith obligation to attempt to effect service in order to toll the statute of limitations. Rather, in *Patterson,* the plaintiff's two unsuccessful attempts to serve the writ were considered good faith efforts tolling the statute, even though the plaintiff made no further service attempts to serve the writ for the next 17 months.

Presently, Shackelford only waited two months before she filed her complaint after her last attempt at service of the writ. In addition, she then waited nine months before reinstating and serving the complaint successfully upon Lucine.