**Crary v. Centre County Historical Society**

*David D. Engle,* for plaintiff.

*Jeffrey M. Bower* and *Brian K. Marshall,* for defendants.

GRINE, *J.,* December 11, 2007—Presently before the court is a motion for judgment on the pleadings brought by Centre County Historical Society and Wooded Hills, defendants. Also before the court is a motion for judgment on the pleadings brought by Susan F. Crary, plaintiff. On September 26, 2007, this court issued a rule upon plaintiff to show why defendants' motion for judgment on the pleadings should not be granted, and set a hearing for October 12, 2007. All parties submitted briefs prior to October 11, 2007 regarding their motions for judgment on the pleadings. Due to the unavailability of the assigned judge, the hearing was transferred to the Honorable Judge Bradley Lunsford for the sole purpose of deciding the pending motions for judgment on the pleadings. Judge Lunsford denied all outstanding motion for judgment on the pleadings without holding a hearing. Defendants filed motions for reconsideration. This court granted their motions for reconsideration, and heard arguments on the motions for judgment on the pleadings on November 13, 2007. The court has now made its decision and grants defendants' motion for judgment on the pleadings.

## FINDINGS OF FACT

(1) On or about March 8, 2004, defendant Wooded Hills purchased a 22.3 acre tract of land in Patton Township, Centre County, Pennsylvania from Anna Neff.

(2) The property that Wooded Hills purchased adjoins a small parcel of real estate that contains the Boogersburg Schoolhouse.

(3) Plaintiff purchased the Boogersburg School parcel (BSP) from Sybil Grucci by deed dated April 12, 2001.

(4) Plaintiff made improvements to the property and conveyed the BSP to defendant Centre County Historical Society (CCHS) by deed dated February 2, 2004.

(5) The deed conveying the property to defendant CCHS included a restriction which stated: "Grantee, its successors and assigns, shall not transfer, sell, or permit the use of an easement or right-of-way on the land, or a direct sale of the land to a third party so as to reduce the square footage of the lot."

(6) After the purchase of the 22.3 acre parcel, defendant Wooded Hills began the subdivision development process in Patton Township, Centre County, Pennsylvania.

(7) The process included several meetings, and plaintiff appeared at the meetings through counsel and objected to the development plan.

(8) The Patton Township. Board of Supervisors ultimately approved the Wooded Hills subdivision plan, subject to conditions.

(9) Two of the conditions that the Patton Township Board of Supervisors imposed were that one acre of the Wooded Hills parcel would be transferred to defendant CCHS and designated as a park, and that sufficient land would be transferred from the BSP to Wooded Hills to be added to the Wooded Hills parcel to create a 50' wide

strip of land to Fox Hill Road for ingress and egress from Wooded Hills.

(10) On June 6, 2006, defendant Wooded Hills conveyed the one-acre open space tract to defendant CCHS and, defendant CCHS simultaneously conveyed a small part of the BSP to Wooded Hills.

(11) The portion of the BSP that was conveyed to Wooded Hills was 1,530 square feet.

(12) On June 11, 2007, approximately two years from the time that plaintiff knew the subdivision plans for Wooded Hills were passed, she commenced this civil action.

## CONCLUSIONS OF LAW

(1) Pa. Rule of Civil Procedure 1034 states: "(a) After the relevant pleadings are closed, but within such time as not to unreasonably delay the trial, any party may move for judgment on the pleadings. The court shall enter such judgment or order as shall be proper on the pleadings."

(2) "Like all summary judgments entered without a trial judgment on the pleadings may be entered only in clear cases free from doubt where there are no issues of fact, and only where the cause is so clear that a trial would clearly be a fruitless exercise." *Otterson v. Jones,* 456 Pa. Super. 388, 390, 690 A.2d 1166, 1166-67 (1997), quoting *Beck v. Minestrella,* 264 Pa. Super. 609, 611, 401 A.2d 762, 763 (1979).

(3) "In determining if there is a dispute as to facts, the court must confine its consideration to the pleadings and

relevant documents." *Booher v. Olczak,* 797 A.2d 342, 345 (Pa. Super. 2002).

(4) "An easement is defined as: '[a]n interest in land owned by another person, consisting in the right to use or control the land, or an area above or below it, for a specific limited purpose.'" *Stanton v. Lackawanna Energy Ltd.,* 584 Pa. 550, 565 n.7, 886 A.2d 667, 676 n.7 (2005), quoting Black's Law Dictionary, 8th ed. (2004), at 1108.

(5) "[R]estrictions on the use of land are not favored by the law because they are an interference with an owner's free and full enjoyment of his property; . . . nothing will be deemed a violation of a restriction that is not in plain disregard of its express words; . . . there are no implied rights arising from a restriction which the courts will recognize; . . . a restriction is not to be extended or enlarged by implication; . . . every restriction will be construed most strictly against the grantor and every doubt and ambiguity in its language resolved in favor of the owner." *Jones v. Park Lane for Convalescents Inc.,* 384 Pa. 268, 272, 120 A.2d 535, 537-38 (1956).

## OPINION

In the deed transferring the BSP from plaintiff to defendant CCHS, the language stated "Grantee, its successors and assigns, shall not transfer, sell, or permit the use of an easement or right-of-way on the land, or a direct sale of the land to a third party so as to reduce the square footage of the lot."

The plaintiff believes that the statement can be broken down into two clauses. The first clause, they claim reads

"Grantee, its successors and assigns, shall not transfer, sell or permit the use of an easement or right-of way on the land." Plaintiff believes that this clause prohibits the transaction which occurred between defendant CCHS and defendant Wooded Hills. However, plaintiff fails to make a case that shows defendant CCHS violated this first clause of the restriction. "An easement is defined as: '[a]n interest in land owned by another person, consisting in the right to use or control the land, or an area above or below it, for a specific limited purpose.'" *Stanton v. Lackawanna Energy Ltd.,* 584 Pa. 550, 565 n.7, 886 A.2d 667, 676 n.7 (2005), quoting Black's Law Dictionary, 8th ed. (2004), at 1108. Here, Wooded Hills has no interest in the land owned by CCHS, so there is no easement. On the contrary, Wooded Hills exchanged a piece of its land for a piece of land owned by CCHS. Therefore, no easement exists. Similarly, no right-of-way exists. A right-of-way is "[a] person's legal right established by usage or by contract, to pass through grounds or property owned by another." Black's Law Dictionary 7th ed. (1999), at 1326; see *In re Condemnation by County of Lancaster,* 909 A.2d 913 (Pa. Commw. 2006). Again, since the land that Wooded Hills is using no longer belongs to CCHS, no right-of-way was transferred or permitted.

The second clause, the plaintiff contends reads "or a direct sale of the land to a third party so as to reduce the square footage of the lot." With respect to the second clause, the transfer of the land which took place between defendant CCHS and defendant Wooded Hills did not reduce the square footage of the BSP. In fact, the BSP gained almost an acre from the transfer. "[R]estrictions

on the use of land are not favored by the law because they are an interference with an owner's free and full enjoyment of his property; . . . nothing will be deemed a violation of a restriction that is not in plain disregard of its express words; . . . ." *Jones v. Park Lane for Convalescents Inc.,* 384 Pa. 268, 272, 120 A.2d 535, 537 (1956). Here, there is no plain disregard for the express words used in the deed which transferred the land to defendant CCHS. Defendant Wooded Hills did gain a small tract of land from the BSP, but in return gave significantly more land to defendant CCHS to add to the BSP. Additionally, no direct sale of any land occurred in this transaction. The language of the deed specifically addresses restrictions on any direct sale of the BSP, but is silent as to transfers of exchanges of land. Additionally, the language addresses the reduction of the size of the parcel, but does not address a transaction in which the size of the parcel is increased.

Because the land transfer between defendant CCHS and defendant Wooded Hills is not in plain disregard of the express words of the restriction, and because there is no factual matter left to be resolved, the court grants the defendants' motion for judgment on the pleadings.

## ORDER

And now, December 11, 2007, after a hearing on the matter and a review of the parties' briefs, the court grants defendants' motion for judgment on the pleadings. Plaintiff's case at civil action no. 2007-2432 is dismissed with prejudice.