Ernest Leasoff, Appellant *v.* Commonwealth of Pennsylvania, Department of Transportation, Appellee.

Argued March 2, 1981, before Judges WILKINSON, JR., BLATT and WILLIAMS, JR., sitting as a panel of three.

*Ernest Leasoff,* appellant, for himself.

*Gary B. Gilman,* Deputy Attorney General, for appellee.

OPINION BY JUDGE BLATT, April 28, 1981:

The appellant, Ernest Leasoff, appeals from an order of the Court of Common Pleas of Bucks County which dismissed his action in trespass against the Commonwealth of Pennsylvania, Department of Transportation (DOT), as barred by the applicable two-year statute of limitation of Section 5524(2) of the Judicial Code, 42 Pa. C. S. §5524(2).

The appellant alleged in his complaint that he received serious injuries in a traffic accident in 1968 in Bristol Township, Bucks County, as a result of DOT's negligent failure to repair a pothole on a highway which the Commonwealth is obliged to maintain. Notwithstanding the applicable two-year statute of limitation, he filed his complaint against DOT on June 1, 1979. The lower court sustained DOT's motion for judgment on the pleadings.

The appellant contends here that the Supreme Court's retroactive abrogation of the governmental defense of sovereign immunity in 1978[1] revived his cause of action against DOT. In particular, he claims that the Commonwealth's prior immunity from action in trespass is analogous to situations in which a tortfeasor conceals his victim's cause of action, thus tolling the statute of limitation until the cause of action

---

[1] The doctrine of sovereign immunity was abolished, of course, by the Supreme Court's decision in *Mayle v. Pennsylvania Department of Highways*, 479 Pa. 384, 388 A.2d 709 (1978). The Legislature thereafter enacted Section 5110 of the Judicial Code, 42 Pa. C. S. §5110 (Act 152 of 1978), which re-established governmental immunity subject to several exceptions in which immunity was waived, such as personal injuries resulting from "[p]otholes and other dangerous conditions." Although the Legislature expressed its intent that the re-establishment of immunity should receive retroactive effect, Section 5(b) of the Act of September 28, 1978, P.L. 788 (Act 152), *infra* note 2, the Supreme Court held such a construction to be unconstitutional in *Gibson v. Commonwealth*, 490 Pa. 156, 415 A.2d 80 (1980).

is discovered. *See e.g., Miller v. Hawkins,* 416 Pa. 180, 205 A.2d 429 (1964).

We believe that Section 5(d) of Act 152[2] expressly manifests the Legislature's intent to maintain the applicable statute of limitation in cases in which the Legislature has waived sovereign immunity, for it provides that:

> Nothing contained in this act shall be construed to revive any action in which the applicable statute of limitation has run or in which a compromise settlement was reached and a release obtained, or in which final order dismissing the action against the Commonwealth or an agency of the Commonwealth government has been entered, no appeal has been taken, and the time for appeal has expired.

We further believe that this construction of the applicable statute of limitation here provided is consistent with case law and with the purposes of all statutes of limitation.

The holding of our Supreme Court in *Gibson v. Commonwealth, supra* note 1 at 164-65, 415 A.2d at 84-85, clearly recognizes the importance of statutes of limitation to prevent sterile claims against the Commonwealth:

> First it must be obvious that application of Mayle to claims based on torts occurring prior to that decision will not unfairly prejudice the Commonwealth.
>
> . . . .
>
> There is no principled reason to discriminate now against appellants whose causes also accrued before Mayle, but whose complaints were filed post-Mayle. *Though the date of a com-*

---

[2] Act 152, Section 5, can be found in the Official Source Note following 42 Pa. C. S. §5522.

*plaint's institution is relevant to the tolling of a statute of limitations, it has no place in the determination of appellants' substantive rights.* (Footnotes omitted.) (Emphasis added.)

The Legislature's construction of the statutes of limitation as they pertain to the waiver of sovereign immunity is consistent with the traditional purposes of statutes of limitation, and such purposes are in no way diminished by the retroactive application of *Mayle.* To the contrary, to permit this exception to the statute here concerned would inject life into countless claims against the Commonwealth concerning evidence which is lost or unavailable, subject the Commonwealth to the possibility of numerous fraudulent claims, and, limited only by the circumscription of memory, resurrect all causes of action ever held against the Commonwealth.

We will therefore affirm the order of the court below.

### ORDER

AND Now, this 28th day of April, 1981, the order of the Court of Common Pleas of Bucks County in the above-captioned case is hereby affirmed.

Judge WILKINSON, JR. did not participate in the decision in this case.