## Dr. Joseph T. Skehan, Appellant *v.* Bloomsburg State College, Appellees.

Argued November 15, 1985, before Judges Mac-Phail and Colins, and Senior Judge Blatt, sitting as a panel of three.

*Cletus P. Lyman, Lyman & Ash,* for appellant.

*Calvin R. Koons,* Deputy Attorney General, with him, *Allen C. Warshaw,* Deputy Attorney General, Chief of Litigation Section, and *LeRoy S. Zimmerman,* Attorney General, for appellees.

OPINION BY JUDGE MACPHAIL, January 17, 1986:

Dr. Joseph T. Skehan (Skehan) appeals here from an order of the Court of Common Pleas of Columbia County which granted summary judgment in favor of Bloomsburg State College (College).[1] We affirm.

A full recitation of the procedural history of this matter is found at *Skehan v. Board of Trustees of Bloomsburg State College,* 669 F.2d 142 (3rd Cir.), *rehearing and rehearing en banc denied,* 675 F.2d 72 (3rd Cir.), *cert. denied,* 459 U.S. 1048 (1982), from which we distill the following recitation.[2] Briefly,

---

[1] Also named as an appellee is the Commonwealth of Pennsylvania.

[2] Other reported decisions are *Skehan v. Board of Trustees of Bloomsburg State College,* 353 F.Supp. 542 (M.D. Pa. 1973); 358 F.Supp. 430 (M.D. Pa. 1973), *vacated and remanded,* 501 F.2d 31 (3d Cir. 1974), *vacated,* 421 U.S. 983 (1975), *remanded,* 538 F.2d 53 (3d Cir. 1976) (en banc), *cert. denied,* 429 U.S. 979 (1976), *on remand,* 431 F.Supp. 1379 (M.D. Pa. 1977); 436 F.Supp. 657 (M.D. Pa. 1977), *aff'd. in part, remanded in part,* 590 F.2d 470 (3d Cir. 1978), *cert. denied,* 444 U.S. 832 (1979), *on remand,* 501 F.Supp. 1360 (M.D. Pa. 1980).

the College notified Skehan, a non-tenured associate professor of economics at the College, that his contract would not be renewed beyond the 1970-71 academic year. Skehan protested, in writing, on the grounds that the nonrenewal decision was caused in large part by his opinion on national politics and college administration.

In October of 1970, Skehan was suspended and subsequently dismissed on the grounds that he failed to teach classes as scheduled by the College. Skehan filed suit in federal court alleging that both the nonrenewal decision and his dismissal were in retaliation for his political activities, a violation of his First Amendment rights. Skehan also alleged that he was denied hearings on these decisions in violation of his Fourteenth Amendment right to due process. The federal courts ultimately rejected his First Amendment claim. The United States District for the Middle District of Pennsylvania found that Skehan's dismissal violated due process because he was not given a hearing. *Skehan v. Board of Trustees of Bloomsburg State College,* 358 F. Supp. 430 (M.D. Pa. 1973), *vacated,* 501 F.2d 31 (1974), *cert. denied,* 420 U.S. 979 (1976), *vacated,* 538 F.2d 53 (1976). Following a remand to the district court, a hearing was conducted. The district court held that the College violated Skehan's right to due process by failing to afford him a hearing on the nonrenewal decision. *Skehan v. Board of Trustees of Bloomsburg State College,* 431 F. Supp. 1379, 1391 (M.D. Pa. 1977).

After hearings on the appropriate remedy, the district court concluded that the proper remedy would be for the College to reinstate Skehan to the suspended status he held on October 15, 1970, after he was suspended but before he was dismissed. *Skehan v. Board of Trustees of Bloomsburg State College,* 436 F. Supp. 657, 664 (M.D. Pa. 1977), modified in 590 F.2d 470

(1978), *cert. denied,* 444 U.S. 832 (1979). The district court also held that the College must afford Skehan a hearing on both the nonrenewal decision and on his dismissal, in that order. *Id.* at 664, 668-69.

Accordingly, Skehan was reinstated as an associate professor from August 1, 1977 through June 2, 1978. The required hearing was held before an elected committee of faculty members (committee). That committee found that Skehan's contract was not renewed for reasons which violated Skehan's right to academic freedom and recommended his reinstatement and reconsideration. The College, however, chose to withdraw the nonrenewal letter and rely instead on the dismissal action.

A hearing on the dismissal was held before the committee which recommended Skehan's termination, and on June 2, 1978, the College informed Skehan that on the basis of the committee's findings of fact and recommendation, he was terminated from his reinstated position.

On December 31, 1980, Skehan then filed a complaint in this Court alleging his entitlement to back pay. Skehan requested that this Court award him back pay for the period October 17, 1970 through August 1, 1977. Pursuant to Sections 1 and 6 of Act No. 189 of 1980, we transferred the action on January 7, 1981 to the Court of Common Pleas of Columbia County.

The College filed an Answer and New Matter to the complaint with the trial court on March 30, 1981. Skehan filed a praecipe to have the case placed on the next trial list on July 14, 1983. On September 12, 1983, the College filed a motion for summary judgment, alleging that (1) the action is barred by the six year statute of limitations; (2) res judicata principles applied to bar this action; (3) Skehan failed to state a cause of action upon which relief could be

granted and (4) there was no dispute of material fact. Skehan filed a cross-motion for partial summary judgment. The court of common pleas entered the following order:

## ORDER

AND NOW, May 1, 1984, not unmindful of the complex procedural and factual history of the case here involved, and having given due consideration to all matters briefed for this court, including defendant's status under 42 U.S.C. §1983 and the plaintiff's Fourteenth Amendment claims, we enter the following order:

By virtue of our conclusion that the 1970 equity action brought against plaintiff and co-defendant Porter, and their alleged counterclaim ('Columbia Co., No. 296, Oct. Term 1970), although between the same parties, was not an action based upon the same facts and claims as the within matter which would toll the Statute of Limitations, the court finds that the within action is barred by the Statute of Limitations. Accordingly, plaintiff's motion for partial summary judgment is dismissed and defendant's motion for summary judgment is granted.

On appeal to this Court, Skehan argues that (1) the trial court erred in that the action was not barred by the six year statute of limitations; (2) the court erred in not holding him entitled to back pay from October 17, 1970 through August 1, 1977, with interest and expenses of litigation, including attorneys' fees, and (3) the court erred in not permitting Skehan to add the State System of Higher Education as a defendant in this action.

It is undisputed that the six year statute of limitations applies to the case at bar. 42 Pa. C. S. §5527.

Skehan argues here that a statute of limitations does not begin to run until a cause of action accrues, and that a cause of action accrues for statute of limitations purposes when the plaintiff could first have maintained it to a successful conclusion. *Kapil v. Association of State College and University Faculties,* 504 Pa. 92, 470 A.2d 482 (1983). Skehan reasons that he could not have maintained an action for damages to a successful conclusion until *Mayle v. Pennsylvania Department of Highways,* 479 Pa. 384, 388 A.2d 709 (1978)[3] abolished sovereign immunity. Skehan contends that the statute of limitations did not begin to run until this date. We disagree.

In *Leasoff v. Department of Transportation,* 59 Pa. Commonwealth Ct. 45, 428 A.2d 783 (1981), this Court rejected a similar argument. In *Leasoff,* the appellant filed his complaint against the Department of Transportation (DOT) eleven years after his cause of action accrued. We affirmed the trial court's order dismissing his action as barred by the applicable two-year statute of limitations, noting that:

> We believe that . . . Act 152 expressly manifests the Legislature's intent to maintain the applicable statute of limitations in cases in which the Legislature has waived sovereign immunity for it provides that:
>
> > Nothing contained in this act shall be construed to revive any action in which the appli-

[3] The Legislature thereafter enacted Section 5110 of the Judicial Code, 42 Pa. C. S. §5110 (Act 152) reinstating governmental immunity subject to several enumerated exceptions in which immunity was waived. In *Gibson v. Commonwealth,* 490 Pa. 156, 415 A.2d 80 (1980), our Supreme Court held that Act 152 could not be applied retroactively to extinguish causes of action which became actionable prior to Act 152's effective date. In *Skehan v. Board of Trustees of Bloomsburg State College,* 669 F.2d 142 (3rd Cir. 1982), the Third Circuit held that under *Gibson,* Act 152 could not be applied to Skehan's action.

cable statute of limitation has run or in which a compromise settlement was reached and a release obtained, or in which final order dismissing the action against the Commonwealth or an agency of the Commonwealth government has been entered, no appeal has been taken, and the time for appeal has expired.

59 Pa. Commonwealth Ct. at 47, 428 A.2d at 784 (footnote omitted). Skehan attempts to distinguish *Leasoff* by asserting that the Commonwealth here could not contend that it had no notice of Skehan's claim. We stated in *Leasoff:*

to permit this exception to the statute here concerned would inject life into countless claims against the Commonwealth concerning evidence which is lost or unavailable, subject the Commonwealth to the possibility of numerous fraudulent claims, and, limited only by the circumscription of memory, resurrect all causes of action ever held against the Commonwealth.

59 Pa. Commonwealth Ct. at 48, 428 A.2d at 784. Contrary to Skehan's contention, we believe this reasoning applies as well to the instant case. Skehan was suspended and dismissed from his position in October of 1970. Skehan did not file the complaint with which we are here concerned until December of 1980. In the intervening ten years, much of the evidence pertinent to Skehan's claim could be lost or no longer available to the Commonwealth. Therefore, this action was barred by the six year statute of limitations.

Skehan argues, in the alternative, that the statute of limitations was tolled in 1970 by the pendency of *Commonwealth ex rel. Bloomsburg State College v. Porter and Skehan* (No. 296 October Term 1970) (1970 state action). Skehan asserts that where a plaintiff has another case, based upon the same facts, pending in the same court or another court, it tolls the

statute of limitations, and the statute does not begin to run until final adjudication of the pending case.[4]

Although the 1970 state action, filed in the court of common pleas, is not before us, we do not believe that that action tolled the statute of limitations. According to Skehan's brief in the matter now before us, the 1970 state action was filed by the College to enjoin Skehan and another individual from teaching after Skehan's dismissal. Skehan filed an Answer and New Matter, demanding that Skehan be returned to his prior employment status (in effect a mandamus action, although not designated as such). In his Affidavit in Opposition to Defendant's Motion for Summary Judgment, Skehan averred the following:

2. The Commonwealth failed to plead to my counterclaim within twenty days and I took a default judgment on February 8, 1971. Damages remain to be assessed in the 1970 state action. A copy of the docket entries of the 1970 state action are attached.

23. The 1970 state action was stayed pending the outcome of the federal and other actions. On July 15, 1983, I asked that the 1970 state action be listed for trial. . . .

Our review of the docket entries in the 1970 state action reveals no default judgment entered in Skehan's behalf or any order staying the 1970 state action. Instead, the docket reveals that on February 24, 1971, the trial court ordered the mandamus action dismissed because an identical action was filed in the Commonwealth Court.[5] Skehan did not appeal this dismissal.

---

[4] See *Menefee v. Central Broadcasting System, Inc.*, 54 D. & C. 2d 341 (1972) ; *Caimaichelo v. Pinkston*, 41 D. & C. 2d 727 (1966) ; *Vaughn v. Ronlin*, 54 Sch. L.R. 8 (1951).

[5] *Skehan v. President and Board of Trustees of Bloomsburg State College*, filed at Docket No. 998 of 1978 in the Commonwealth Court. This action requests that Skehan be reinstated to his former teaching position.

Therefore, the 1970 state action could not have tolled the statute of limitations.[6]

Likewise, the federal suits do not toll the statute of limitations. In *Royal-Globe Insurance Cos. v. Hauck Manufacturing Co.*, 233 Pa. Superior Ct. 248, 335 A.2d 460 (1975), the Pennsylvania Superior Court held that the commencement of an action in federal court does not toll the statute of limitations in a state court action, reasoning that:

> An action in state court does not toll the running of the statute of limitations against subsequent action in federal court. Falsetti v. Local Union No. 2026, United Mine Workers of America, 355 F.2d 658 (3rd Cir. 1966). And, similarly, an action in one state does not toll the running of the statute of limitations against action in another state. Overfield v. Pennroad Corp., 146 F.2d 889 (3rd Cir. 1944). Therefore, it would be inconsistent and unreasonable to toll the running of the statute of limitations against a cause of action in state court on the basis of an action in federal court.

233 Pa. Superior Ct. at 253, 335 A.2d at 462 (footnote omitted). Although Skehan submits that *Royal-Globe* was wrongly decided, we disagree and hold that the federal actions did not toll the running of the statute of limitations on actions subsequently brought in a state court.

---

[6] The trial court, when writing the memorandum in support of its order, mistakenly referred to an order entered on March 12, 1971, requiring Skehan not to enter the College for the purpose of teaching classes or inciting students. The court characterized this order as the final order from which Skehan did not appeal. Although this was error, we may affirm if the trial court reached the correct result for the wrong reason. *B.D.B., Inc. v. Pennsylvania Liquor Control Board*, 67 Pa. Commonwealth Ct. 72, 445 A.2d 1360 (1982).

We conclude that the trial court properly determined that the instant matter was barred by the statute of limitations. Accordingly, we affirm.[7]

### ORDER

The order of the Court of Common Pleas of Columbia County, dated May 1, 1984, at No. 261-1981, is affirmed.

---

[7] Inasmuch as we have determined that this instant case is barred by the statute of limitations, we will not discuss the two remaining issues raised by Skehan.