638 A.2d 473

**MAXWELL DOWNS, INCORPORATED t/a**
**Montserrat Restaurant, Appellant,**

v.

**CITY OF PHILADELPHIA and F. Eugene Dixon, Chairman and Charles Orsatte and Karen Daroff and Gilda Ellis and Theodore T. Newbold and Joseph C. Bailey and Vincent G. Kling and Dudley R. Sykes, individually and as Members of the Philadelphia Art Commission.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 7, 1993.

Decided Feb. 28, 1994.

Richard G. Freeman, for appellant.

Christopher I. McCabe, Asst. City Sol., for appellees.

Before DOYLE and COLINS, JJ., and DELLA PORTA, Senior Judge.

DELLA PORTA, Senior Judge.

Maxwell Downs, Incorporated, trading as Montserrat Restaurant (Montserrat) appeals from an order of the Court of Common Pleas of Philadelphia County (trial court) which granted the motion for summary judgment filed by the City of Philadelphia (City) and F. Eugene Dixon, Chairman, Charles Orsatte, Karen Daroff, Gilda Ellis, Theodore T. Newbold, Joseph C. Bailey, Vincent G. Kling and Dudley R. Sykes, (collectively, Art Commission).

Montserrat operates a restaurant located at 623–35 South Street in Philadelphia. On June 1, 1984, City Council enacted a special purpose ordinance granting Montserrat permission to build an enclosed sidewalk cafe on the public sidewalk adjoining the restaurant. The ordinance required Montserrat to secure all necessary permits, licenses and approvals, and

obtain the approval of the Art Commission. In November, 1985 Montserrat submitted an application to the Art Commission. On December 12, 1985, the Art Commission reviewed Montserrat's application and decided to hold the matter in abeyance pending further review.

On April 10, 1986, the Art Commission denied Montserrat's application citing aesthetics, concerns about unwanted congestion and the lack of a permit for the existing structure as reasons for the denial. Montserrat appealed the denial to the Board of License and Inspection Review which upheld the Art Commission's decision. Montserrat then appealed to the trial court.[1]

On March 24, 1988, Montserrat filed a civil action against the City and the members of the Art Commission in the United States District Court for the Eastern District of Pennsylvania. In count one of its complaint, Montserrat alleged violations of its civil rights under 42 U.S.C. § 1983. In count two of the complaint, Montserrat asserted a state cause of action for negligence, gross negligence, intentional infliction of emotional distress, breach of duty as governmental officials, mandamus action, breach of contract and breach of duty. On February 27, 1989, the court granted a motion for summary judgment filed by the City and the Art Commission and dismissed Montserrat's lawsuit. The court stated that because state remedies had not been exhausted and the resolution of the state claims might be dispositive of the case, it would abstain from adjudicating the federal constitutional issue in the case at that time.

On April 4, 1989, Montserrat filed a complaint in equity seeking declaratory and injunctive relief and money damages. The complaint alleged various violations of its federal constitu-

1. By order docketed March 18, 1991, the trial court reversed the decision of the Board of License and Inspection Review and sustained Montserrat's appeal. By opinion dated November 6, 1991, the trial court found that by considering issues such as congestion and procurement of licenses, the Art Commission had exceeded the scope of its authority. The court also found that the Art Commission acted improperly in failing to take action on the merits of the application for over four and a half months.

tional rights, including violations of the due process clause and the equal protection clause of the Fourteenth Amendment. Montserrat asserted that the conduct of the City was an official public policy and therefore Montserrat had a cause of action under 42 U.S.C. § 1983. In its complaint, Montserrat requested that the court, inter alia, (1) order the Art Commission to issue the necessary permits and approvals for Montserrat to construct an enclosed sidewalk cafe and (2) award money damages.

A motion for summary judgment, filed by the City and the Art Commission, was granted on November 13, 1992. The court found that the action was time-barred in that it was for an injury to the person caused by the wrongful act of another; it was filed more than two years after the cause of action had arisen; and, the dismissal of the prior federal action did not toll the statute of limitations. Montserrat now appeals to this Court.

The sole issue on appeal is whether Montserrat's complaint was timely filed. In support of its position that the complaint was timely filed, Montserrat argues (1) that the filing of the federal lawsuit tolled the statute of limitations in accordance with Section 5535 of the Judicial Code, 42 Pa.C.S. § 5535,[2] (2) that, because the underlying action is not a personal injury action, therefore it is not subject to a two-year statute of limitation.

2. Section 5535 provides, in pertinent part:

(a) **Termination of prior matter.—**
(1) If a civil action or proceeding is timely commenced and is terminated, a party, or his successor in interest, may, notwithstanding any other provision of this subchapter, commence a new action or proceeding upon the same cause of action within one year after the termination and any other party may interpose any defense or claim which might have been interposed in the original action or proceeding.
(2) Paragraph (1) does not apply to:
 (i) An action to recover damages for injury to the person or for the death of an individual caused by the wrongful act or neglect or unlawful violence or negligence of another.
 (ii) An action or proceeding terminated by a voluntary nonsuit, a discontinuance, a dismissal for neglect to prosecute the action or proceeding, or a final judgment upon the merits.

 Our scope of review of a grant of summary judgment is limited to determining whether there has been an error of law or manifest abuse of discretion. *Gilson v. Doe*, 143 Pa.Commonwealth Ct. 591, 600 A.2d 267 (1991). A motion for summary judgment may properly be granted only if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Mann v. City of Philadelphia*, 128 Pa.Commonwealth Ct. 499, 563 A.2d 1284 (1989), *petition for allowance of appeal denied*, 525 Pa. 622, 577 A.2d 892 (1990). Summary judgment should be granted only where the right is clear and free from doubt and, in making this determination, the trial court must examine the record in the light most favorable to the nonmoving party. *Mullen v. Borough of Parkesburg*, 132 Pa.Commonwealth Ct. 321, 572 A.2d 859 (1990).

 We begin our analysis by determining the proper statute of limitations. Montserrat argues that its underlying cause of action is a claim for relief from administrative action, subject to a six-year statute of limitation.

In *Wilson v. Garcia*, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), the United States Supreme Court held that actions brought under Section 1983 are best characterized as personal injury actions for statute of limitations purposes. The Court opined that a simple, broad characterization of all Section 1983 claims best fits the statute's remedial purpose. The Court further stated that "[t]he federal interests in uniformity, certainty, and the minimization of unnecessary litigation all support the conclusion that Congress favored this simple approach." *Id.* 471 U.S. at 275, 105 S.Ct. at 1946.

The statute of limitations for personal injury actions in Pennsylvania is two years. 42 Pa.C.S. § 5524. Montserrat's cause of action arose on April 10, 1986, when the Art Commission denied it permission to construct the sidewalk cafe. Montserrat initiated its Section 1983 claim on April 4, 1989, more than two years after its cause of action accrued. There-

fore, under the holding of *Wilson v. Garcia,* Montserrat's action is barred by the statute of limitations.

■ We next consider Montserrat's argument, that filing of a lawsuit in federal court tolled that statute of limitations for its state action. In *Royal–Globe Insurance Cos. v. Hauck Manufacturing Co.,* 233 Pa.Superior Ct. 248, 335 A.2d 460 (1975), our Superior Court held that the commencement of an action in federal court does not toll the statute of limitations in a state court action. The Superior Court explained:

> An action in state court does not toll the running of the statute of limitations against subsequent action in federal court. . . . And similarly, an action in one state does not toll the running of the statute of limitations against action in another state. . . . Therefore, it would be inconsistent and unreasonable to toll the running of the statute of limitations against a cause of action in state court on the basis of an action in federal court.

*Id.* at 253, 335 A.2d at 462 (citations and footnote omitted).

Montserrat argues that the holding in *Royal–Globe* is not controlling because it predates the "tolling" provision of Section 5535, which was enacted in 1976. This argument is without merit. In 1986, this Court decided *Skehan v. Bloomsburg State College,* 94 Pa.Commonwealth Ct. 252, 503 A.2d 1000 (1986). *Skehan,* relying on the above-quoted language from *Royal–Globe,* held that "federal actions did not toll the running of the statute of limitations on actions subsequently brought in a state court." *Id.* at 260, 503 A.2d at 1005.

■ Montserrat further argues that the dismissal of the action by the federal court acted as a stay of proceedings in accordance with Section 5535(b) of the Judicial Code, 42 Pa.C.S. 5535(b), which provides:

> **(b) Stay of matter.**—Where the commencement of a civil action or proceeding has been stayed by a court or by statutory prohibition, the duration of the stay is not a part of the time within which the action or proceeding must be commenced.

This argument is also without merit. The federal court did not order a stay of proceedings, rather it dismissed Montserrat's suit, "without prejudice to the right of plaintiff to pursue its claims in the Courts of the Commonwealth of Pennsylvania." Clearly this can only mean that the federal court was not dismissing the case on its merits and therefore Montserrat could pursue any claims it wished in the state courts if, under the state laws, it had the right to bring an action. Moreover, the federal court's order was entered on February 27, 1989, more than two years after Montserrat's cause of action accrued. The statute of limitations for the filing of Montserrat's claim had already run and no order of any court could have revived it. A stay could not have been ordered and therefore the federal court's order cannot be interpreted as a stay.

Based on the above discussion, we conclude that the trial court did not commit an error of law or abuse its discretion in the grant of the motion for summary judgment. We therefore affirm the trial court's order.

## ORDER

AND NOW, this 28th day of February, 1994, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter is affirmed.