

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-11-2008

# Jewelcor Inc v. Karfunkel

Precedential or Non-Precedential: Precedential

Docket No. 05-2244

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Jewelcor Inc v. Karfunkel" (2008). *2008 Decisions.* Paper 1500.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1500

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE
THIRD CIRCUIT

———

Nos. 05-2244, 05-4121 & 06-4003

———

JEWELCOR INCORPORATED;
JEWELCOR JEWELERS AND DISTRIBUTORS, INC.;
MARKETING OF JEWEL SERVICES CORP.,
              Appellants in No. 05-4121


v.

MICHAEL KARFUNKEL; GEORGE KARFUNKEL;
M & G EQUITIES; THE SALVATION ARMY

MICHAEL KARFUNKEL and GEORGE KARFUNKEL,
individually and as partners trading as
M & G Equities,
              Appellants in No. 05-2244 & 06-4003

———

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 3:99-cv-1251)
District Judge: Honorable William J. Nealon

———

Argued June 28, 2007

Before: SMITH and GREENBERG, <u>Circuit Judges</u>, and
POLLAK,[*] <u>District Judge</u>

(Filed:  February 11, 2008)

Robert C. Nowalis, Esquire
Doran, Nowalis & Doran
69 Public Square,
700 Northeastern Bank Building
Wilkes-Barre, PA 18701

     Attorney for Michael Karfunkel and George Karfunkel

George A. Reihner, Esquire
Geff Blake, Esquire
Wright & Reihner, P.C.
148 Adams Avenue
Scranton, PA 18503

     Attorneys for Jewelcor Inc, Jewelcor Jewelers and
Distributors, Inc. and Marketing Jewel Services Corp

---

[*] Hon. Louis H. Pollak, Senior Judge, United States District Court for the Eastern District of Pennsylvania, sitting by designation.

2

OPINION OF THE COURT

POLLAK, District Judge

Appellants Michael and George Karfunkel, individually and as partners trading as M & G Equities (collectively referred to herein as "M & G"), appeal orders of the District Court denying M & G's motion to dismiss a breach-of-lease claim brought by appellees, Jewelcor Incorporated *et. al.* ("Jewelcor"), awarding judgment in favor of Jewelcor, and granting Jewelcor attorneys' fees. The District Court had diversity jurisdiction over this action under 28 U.S.C. § 1332 and this court holds jurisdiction pursuant to 28 U.S.C. § 1291. Appellants argue that the District Court erred in denying its motion to dismiss the breach-of-lease claim as time-barred by the Pennsylvania statute of limitations. For reasons explained herein, we find in appellants' favor and will reverse the District Court's orders.

I.

The case arises out of a sale-leaseback contract for a commercial property. Jewelcor entered into the contract in 1979 as the lessee. In 1989, M & G purchased the original lessor's interest in the property, assuming the conditions of the 1976 lease.

3

In October 1990, Jewelcor filed for Chapter 11 bankruptcy. In August 1991, M & G changed the locks on the property. Jewelcor initiated a suit against M & G seeking damages for breach of lease and unjust enrichment owing, in part, to this changing of locks. The complaint for that suit was filed in federal bankruptcy court in November 1994 and amended in October 1996. On February 9, 1999, the Bankruptcy Court dismissed Jewelcor's claims for lack of jurisdiction.

On July 15, 1999, Jewelcor initiated the instant action by filing, in the District Court, a complaint the District Court found to be "substantially similar" to the amended complaint it filed with the Bankruptcy Court in October 1996. On February 22, 2000, the District Court, considering a motion to dismiss filed by M & G, dismissed some, but not all, of Jewelcor's claims. Jewelcor pursued one of the remaining breach-of-lease claims, Count I of its complaint, based on the August 1991 change of locks. The District Court entered judgment in Jewelcor's favor on March 22, 2005, and, on August 24, 2006, awarded Jewelcor attorneys' fees.[1] M & G now appeals, contending that the District Court erred in denying M & G's motion to dismiss Count I because the breach-of-lease claim was time-barred by

---

[1] In the same order, the District Court denied Jewelcor's motion for prejudgment interest. Jewelcor's cross-appeal of this issue, because we find in appellant's favor, is moot.

the statute of limitations.[2]

## II.

The action underlying Jewelcor's breach-of-lease claim occurred in August 1991. Jewelcor argues that the limitations period for its claim is four years, as provided by 42 Pa. Cons. Stat. § 5525(8). Four years had elapsed by the time Jewelcor initiated the instant suit in July 1999. However, the District Court concluded that Pennsylvania's "savings statute," 42 Pa. Const. Stat. § 5535(a),[3] preserves the claim in a federal forum.

---

[2] M & G also raises seven other issues on appeal, which this court need not reach.

[3] The statute provides that:

(1) If a civil action or proceeding is timely commenced and is terminated, a party, or his successor in interest, may, notwithstanding any other provision of this subchapter, commence a new action or proceeding upon the same cause of action within one year after the termination and any other party may interpose any defense or claim which might have been interposed in the original action or proceeding.

(2) Paragraph (1) does not apply to:

As the District Court recognized, § 5535(a) does not preserve time-barred claims in a Pennsylvania state court if they were first commenced in a federal court. The statute provides that "[i]f a civil action or proceeding is timely commenced and is terminated, a party . . . may," regardless of whether the statute of limitations has run, "commence a new action or proceeding upon the same cause of action within one year after the termination." 42 Pa. Const. Stat. § 5535(a). Though this language is general in scope, Pennsylvania appellate courts interpret the provision to apply only when a civil action is commenced in and terminated by a Pennsylvania state court.

A year before the enactment of § 5535(a), the Superior Court of Pennsylvania opined:

> (i) An action to recover damages for injury to the person or for the death of an individual caused by the wrongful act or neglect or unlawful violence or negligence of another.
>
> (ii) An action or proceeding terminated by a voluntary nonsuit, a discontinuance, a dismissal for neglect to prosecute the action or proceeding, or a final judgment upon the merits.

42 Pa. Const. Stat. § 5535(a).

6

> An action in state court does not toll the running of the statute of limitations against subsequent action in federal court. . . . And, similarly, an action in one state does not toll the running of the statute in another state. Therefore it would be inconsistent and unreasonable to toll the running of the statute of limitations against a cause of action in state court on the basis of an action in federal court.

*Royal-Globe Insurance Co. v. Hauck Manufacturing Co.*, 335 A.2d 460, 462 (Pa. Super. Ct. 1975). The Commonwealth Court makes clear that this holding trumps § 5535(a). *See Maxwell Downs v. City of Philadelphia*, 638 A.2d 473 (Pa. Commonw. Ct. 1994).

In *Maxwell Downs*, plaintiff filed a § 1983 action in federal court within the applicable statute of limitations period. The federal suit was dismissed on non-merits grounds. Fewer than two months later, after the statute of limitations on the claim had run, plaintiff re-filed its § 1983 action in the Court of Common Pleas. That court dismissed the suit as time-barred. Affirming this decision, the Commonwealth Court rejected the argument that § 5535(a) superceded *Royal Globe*. The court in *Maxwell Downs* wrote that, after § 5535(a) went into effect, the Commonwealth Court "decided *Skehan v. Bloomsburg State College* . . . . *Skehan*, relying on . . . language from *Royal-Globe*, held that 'federal actions did not toll the running of the statute of limitations on actions subsequently brought in a state court.'"

7

*Maxwell Downs*, 638 A.2d at 486 (quoting *Skehan v. Bloomsburg State College*, 503 A.2d 1000, 1005 (Pa. Commonw. Ct. 1986).

Appellant argues that, in a diversity action, a federal court does not have authority to afford a recovery that would be unavailable in state court. The District Court rejected this argument, stating that, "[w]hile [M & G's] recitation of Pennsylvania State law is correct, it does not follow that in diversity actions this court must be viewed as a State Court and, in effect, a separate jurisdiction from U.S. Bankruptcy Court." The District Court then held that, while Pennsylvania case law would preclude Jewelcor from raising its time-barred claim in a state court, § 5535(a) nonetheless preserves the claim in a federal court.

### III.

We agree with the District Court's conclusion that, under Pennsylvania case law, § 5535(a) does not preserve Jewelcor's claim in a state court.[4] But we cannot accept its determination

---

[4] The Supreme Court of Pennsylvania — which has not yet interpreted the scope of the Pennsylvania savings statute — could arguably conclude that the court in *Maxwell Downs* developed an overdrawn view of the statute's scope. However, while the Supreme Court may ultimately reject the Commonwealth Court's holding in *Maxwell Downs*, we do not

8

that the claim is nonetheless preserved in a federal court. In denying M & G's motion to dismiss, the District Court expressly rejected the principle that, when sitting in diversity, a federal court treats itself, for jurisdictional purposes, as a state court. However, *Erie v. Tompkins*, 304 U.S. 64 (1938), requires

---

feel that we are in a position to do so on its behalf. In diversity cases, "where the applicable rule of decision is the state law, it is the duty of the federal court to ascertain and apply that law, even though it has not been expounded by the highest court of the state." *Commonwealth of Pennsylvania v. Brown*, 373 F.2d 771, 777 (3d Cir. 1967). Accordingly, "we must forecast the position the supreme court of the forum would take on the issue." *Clark v. Modern Group Ltd.*, 9 F.3d 321, 326 (3d Cir. 1993). In developing this forecast, "[a]lthough not dispositive, decisions of state intermediate appellate courts should be accorded significant weight in the absence of an indication that the highest state court would rule otherwise." *City of Philadelphia v. Lead Industries Ass'n, Inc.*, 994 F.2d 112, 123 (3d Cir. 1993). This standard places a significant constraint on us: "Although we are not bound in a diversity case to follow decisions of a state intermediate appellate court, . . . such decisions are not to be disregarded by a federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise." *Northern Insurance Co. of New York v. Aardvark Associates, Inc.*, 942 F.2d 189, 193 (3d Cir. 1991). We believe that we lack such "persuasive data," and consequently hold that *Maxwell Downs* provides our best guidance on how the Supreme Court of Pennsylvania would interpret the savings statute.

uniformity of results between state courts and federal courts sitting in diversity. Interpreting *Erie*, the Supreme Court stated that:

> In essence, the intent of that decision was to insure that, in all cases where a federal court is exercising jurisdiction solely because of the diversity of citizenship of the parties, the outcome of the litigation in the federal court should be substantially the same, so far as legal rules determine the outcome of a litigation, as it would be if tried in a State court.

*Guaranty Trust Co. v. York*, 326 U.S. 99, 109 (1944). The District Court's conclusion is thus in tension with *Erie*'s mandate that "[w]e cannot give [the cause of action] longer life in the federal court than it would have had in the state court without adding something to the cause of action." *Ragan v. Merchants Transfer & Warehouse Co.*, 337 U.S. 530, 533-34 (1949). Accordingly, we hold that, since the Pennsylvania savings statute would not permit Jewelcor to pursue its time-barred claim in a state court, the statute cannot preserve the claim in a federal court.

## IV.

For the foregoing reasons, we reverse in part the District Court's order of February 22, 2000 denying appellants' motion to dismiss Count I of Jewelcor's claims, vacate the District

Court's subsequent orders, and remand with instructions to enter judgment in favor of Michael Karfunkel and George Karfunkel, individually, and as partners trading as M & G Equities, Inc.

*Jewelcor Inc. v. Karfunkel*, Nos. 05-2244, 05-4121, 06-4003

SMITH, <u>Circuit</u> <u>Judge</u>, dissenting.

As the majority recognizes, we are bound by *Erie R. Co. v. Tompkins* to apply Pennsylvania's law regarding its statutes of limitations so that the outcome here will be the same as if the action had proceeded in a state court. *Guaranty Trust Co. v. York*, 326 U.S. 99, 109 (1944) (discussing *Erie*, 304 U.S. 64 (1938)). Because Pennsylvania's Supreme Court has yet to interpret the scope of its savings statute, 42 Pa.Cons.Stat. § 5535(a), we must predict how that Court would apply the statute in this case. The majority concludes that the Pennsylvania Supreme Court would hold that § 5535(a) does not preserve Jewelcor's subsequent untimely federal claim because one of Pennsylvania's intermediate appellate courts "makes clear" that a time-bar "trumps § 5535(a)." Maj. op. at 7 (discussing *Maxwell Downs, Inc. v. City of Philadelphia*, 638 A.2d 473 (Pa. Commw. Ct. 1994)). I cannot agree. I believe

11

that the majority's prediction of how the Pennsylvania Supreme Court would interpret 42 Pa.Cons.Stat. § 5535(a) in this case mistakenly relies on authority from an intermediate appellate court that never applied § 5535(a) as a savings provision. In the absence of a decision by a Pennsylvania appellate court addressing the scope of § 5535(a), I read the plain text of the statute to require its application here, thereby preserving Jewelcor's breach-of-lease claim.

There is a difference between the tolling of a statute of limitations and the operation of a savings provision. Tolling involves the suspension of the statute of limitations, thereby extending or lengthening the period of time in which an action may be commenced. As we recognized in *Stinson v. Kaiser Gypsum Co.*, 972 F.2d 59 (3d Cir. 1992), however, a savings provision like § 5535 allows a "timely filed action dismissed after the limitations period" to be refiled if the dismissal was based on certain grounds. *Id.* at 62.

As the majority points out, *Royal-Globe Ins. Co. v. Hauck Mfg. Co.*, 335 A.2d 460 (Pa. Super. Ct. 1975), held that the commencement of a federal court action did not toll the statute of limitations for a subsequent state court action. *Id.* at 462. Inasmuch as *Royal-Globe* predated the enactment of § 5535, that decision concerned only the issue of tolling and had no occasion to apply the savings provision. *Royal-Globe* acknowledged, however, that there was a distinction between the tolling of the statute of limitations and the operation of a

12

savings provision.  It explained that the principle behind its holding had been accepted by the federal courts since the turn of the century, and quoted *Willard v. Wood*, 164 U.S. 502, 523 (1896), which instructed:

> The general rule in respect of limitations must also be borne in mind, that if a plaintiff mistakes his remedy, *in the absence of any statutory provision saving his right*, or where, from any cause, a plaintiff becomes nonsuit, or the action abates or is dismissed, and, during the pendency of the action, the limitation runs, the remedy is barred.

*Royal Globe*, 335 A.2d at 462 (quoting *Willard*, 164 U.S. at 523) (omitting internal quotation marks and citations) (emphasis added); *see also Stinson*, 972 F.2d at 62 (noting that "if a timely filed action is dismissed after the limitations period . . . has run, a new action on the same claim is time barred unless a limitations *savings statute* provides otherwise") (emphasis added).

In *Skehan v. Bloomsburg State College*, 503 A.2d 1000 (Pa. Commw. Ct. 1986), the Pennsylvania Commonwealth Court considered whether a federal district court action tolled a subsequent state court action.  The Court applied *Royal Globe* and declared that the earlier federal court action, which had been resolved on the merits, did not toll the limitations period for the state court action.  503 A.2d at 1005.  In deciding the tolling

13

issue, the Court did not address the applicability of Pennsylvania's savings provision. Indeed, it could not have done so because the statute explicitly provides that the savings provision is inapplicable to an action terminated by "a final judgment upon the merits." 42 Pa.Cons.Stat. § 5535(a)(2)(ii).

Subsequently, in *Maxwell Downs, Inc. v. City of Philadelphia*, 638 A.2d 473 (Pa. Commw. Ct. 1994), the Pennsylvania Commonwealth Court merely came close to addressing the scope of § 5535(a)'s applicability. In that case, the plaintiff argued that its earlier timely federal action tolled the statute of limitations for its latter untimely state court action consistent with § 5535. The plaintiff failed to distinguish between tolling and the operation of the savings provision, conflating the two concepts and arguing that *Royal Globe* was not controlling because it predated § 5535's "'tolling' provision," which was enacted in 1976. 638 A.2d at 476. The Court summarily rejected the plaintiff's argument that his federal court action had tolled his state court action. It explained that, despite § 5535's enactment, *Royal Globe* had been applied in 1986 in *Skehan* to render the second state court action untimely. Whether the second state court action, even though it was untimely because there had never been any tolling, could still proceed by virtue of the operation of § 5535(a) as a savings provision was neither argued by the plaintiff nor considered by the *Maxwell Downs*' Court.

14

Because *Maxwell Downs* never addressed whether a subsequent untimely federal action could be preserved and saved under § 5535(a), instead of tolled, and mindful that the Pennsylvania Superior Court recognized in *Royal Globe* the distinction between the operation of a savings statute and the tolling of a limitations period, I do not believe that *Maxwell Downs* can bear the weight accorded it by the majority. In the absence, then, of any decision by a Pennsylvania Court addressing the scope of § 5535(a) in saving a subsequent untimely action, I would predict how the Pennsylvania Supreme Court would interpret § 5535's applicability here by recourse to the plain text of the statute. *Walker v. Eleby*, 842 A.2d 389, 400 (Pa. 2004) (reiterating that "[t]he clearest indication of legislative intent is generally the plain language of a statute"); *see also* 1 Pa.Cons.Stat. § 1921.

Section 5535(a) specifically states, in relevant part, that " [i]f a civil action or proceeding is timely commenced and is terminated, a party . . . may, notwithstanding any other provision of this subchapter, commence a new action or proceeding upon the same cause of action within one year after the termination . . . ." The subchapter referenced is subchapter B, which establishes the limitation periods in Pennsylvania for various civil causes of action. *Compare* Title 42 Pa.Cons.Stat. Subchapter A, §§ 5501–5505 (establishing "General Provisions'), *with* Title 42 Pa.Cons.Stat., Subchapter B, §§ 5521–5538 (pertaining to "Civil Actions and Proceedings"). Thus, the plain text of the statute contemplates that it may be

15

applied to preserve the vitality of a subsequent action even though that action may otherwise be time-barred by a limitations period set forth in subchapter B. The viability of the subsequent action, however, is not dependent upon the forum in which the original proceeding was initiated, as the majority concludes. Indeed, the statutory text is devoid of any limitation based on the forum of the initial action. Consistent with the plain text of § 5535(a), I submit that § 5535(a) was appropriately applied in this case, albeit for reasons other than those articulated by the District Court. Accordingly, in my view the breach-of-lease claim refiled in the District Court was viable, even though time-barred.[5]

I respectfully dissent.

---

[5]Because I have concluded that Jewelcor's breach-of-lease action in the District Court was saved by virtue of § 5535(a), I have considered the other arguments pressed by M & G, but believe them to lack merit. I would also reject Jewelcor's contention that the District Court improperly denied its claim for prejudgment interest as the motion was in fact untimely under Federal Rule of Civil Procedure 59(e).