OPINION OF THE COURT
POLLAK, District Judge.
Appellants Michael and George Kar-funkel, individually and as partners trading as M & G Equities (collectively referred to herein as “M & G”), appeal orders of the District Court denying M & G’s motion to dismiss a breach-of-lease claim brought by appellees, Jewel-cor Incorporated et. al. (“Jewelcor”), awarding judgment in favor of Jewelcor, and granting Jewelcor attorneys’ fees. The District Court had diversity jurisdiction over this action under 28 U.S.C. § 1332 and this court holds jurisdiction pursuant to 28 U.S.C. § 1291. Appellants argue that the District Court erred in denying its motion to dismiss the breach-of-lease claim as time-barred by the Pennsylvania statute of limitations. For reasons explained herein, we find in appellants’ favor and will reverse the District Court’s orders.
I.
The case arises out of a sale-leaseback contract for a commercial property. Jew-elcor entered into the contract in 1979 as the lessee. In 1989, M & G purchased the original lessor’s interest in the property, assuming the conditions of the 1976 lease.
In October 1990, Jewelcor filed for Chapter 11 bankruptcy. In August 1991, M & G changed the locks on the property. Jewelcor initiated a suit against M & G seeking damages for breach of lease and unjust enrichment owing, in part, to this changing of locks. The complaint for that suit was filed in federal bankruptcy court in November 1994 and amended in October 1996. On February 9, 1999, the Bankruptcy Court dismissed Jewelcor’s claims for lack of jurisdiction.
On July 15, 1999, Jewelcor initiated the instant action by filing, in the District Court, a complaint the District Court found to be “substantially similar” to the amended complaint it filed with the Bankruptcy Court in October 1996. On February 22, 2000, the District Court, considering a motion to dismiss filed by M & G, dismissed some, but not all, of Jewelcor’s claims. Jewelcor pursued one of the remaining breach-of-lease claims, Count I of its complaint, based on the August 1991 change of locks. The District Court entered judgment in Jewelcor’s favor on March, 22, 2005, and, on August 24, 2006, awarded Jewelcor attorneys’ fees.[1] M & G now appeals, contending that the District Court erred in denying M & G’s motion to dismiss Count I because the breach-of-lease claim was time-barred by the statute of limitations.[2]
II.
The action underlying Jewelcor’s breach-of-lease claim occurred in August 1991. Jewelcor argues that the limitations period for its claim is four years, as provided by 42 Pa. Cons.Stat. § 5525(a)(8). Four years had elapsed by the time Jewel-cor initiated the instant suit in July 1999. However, the District Court concluded that Pennsylvania’s “savings statute,” 42 *675 Pa. Const. Stat. § 5535(a),[3] preserves the claim in a federal forum.
As the District Court recognized, § 5535(a) does not preserve time-barred claims in a Pennsylvania state court if they were first commenced in a federal court. The statute provides that “[i]f a civil action or proceeding is timely commenced and is terminated, a party ... may,” regardless of whether the statute of limitations has run, “commence a new action or proceeding upon the same cause of action within one year after the termination.” 42 Pa. Const. Stat. § 5535(a). Though this language is general in scope, Pennsylvania appellate courts interpret the provision to apply only when a civil action is commenced in and terminated by a Pennsylvania state court.
A year before the enactment of § 5535(a), the Superior Court of Pennsylvania opined:
An action in state court does not toll the running of the statute of limitations against subsequent action in federal court.... And, similarly, an action in one state does not toll the running of the statute in another state. Therefore it would be inconsistent and unreasonable to toll the running of the statute of limitations against a cause of action in state court on the basis of an action in federal court.
Royal-Globe Insurance Co. v. Hauck Manufacturing Co., 233 Pa.Super. 248, 335 A.2d 460, 462 (1975). The Commonwealth Court makes clear that this holding trumps § 5535(a). See Maxwell Downs v. City of Philadelphia, 162 Pa.Cmwlth. 300, 638 A.2d 473 (1994).
In Maxwell Downs, plaintiff filed a § 1983 action in federal court within the applicable statute of limitations period. The federal suit was dismissed on non-merits grounds. Fewer than two months later, after the statute of limitations on the claim had run, plaintiff re-filed its § 1983 action in the Court of Common Pleas. That court dismissed the suit as time-barred. Affirming this decision, the Commonwealth Court rejected the argument that § 5535(a) superceded Royal Globe. The court in Maxwell Downs wrote that, after § 5535(a) went into effect, the Commonwealth Court “decided Skehan v. Bloomsburg State College.... Skehan, relying on ... language from Royal-Globe, held that ‘federal actions did not toll the running of the statute of limitations on actions subsequently brought in a state court.’ ” Maxwell Downs, 638 A.2d at 476 (quoting Skehan v. Bloomsburg State College, 94 Pa.Cmwlth. 252, 503 A.2d 1000, 1005 (1986)).
Appellant argues that, in a diversity action, a federal court does not have authority to afford a recovery that would be unavailable in state court. The District Court rejected this argument, stating that, “[wjhile [M & G’s] recitation of Pennsylvania State law is correct, it does not follow that in diversity actions this court must be *676 viewed as a State Court and, in effect, a separate jurisdiction from U.S. Bankruptcy Court.” The District Court then held that, while Pennsylvania case law would preclude Jewelcor from raising its time-barred claim in a state court, § 5535(a) nonetheless preserves the claim in a federal court.
III.
We agree with the District Court’s conclusion that, under Pennsylvania case law, § 5535(a) does not preserve Jewelcor’s claim in a state court.[4] But we cannot accept its determination that the claim is nonetheless preserved in a federal court. In denying M & G’s motion to dismiss, the District Court expressly rejected the principle that, when sitting in diversity, a federal court treats itself, for jurisdictional purposes, as a state court. However, Erie v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), requires uniformity of results between state courts and federal courts sitting in diversity. Interpreting Erie, the Supreme Court stated that:
In essence, the intent of that decision was to insure that, in all cases where a federal court is exercising jurisdiction solely because of the diversity of citizenship of the parties, the outcome of the litigation in the federal court should be substantially the same, so far as legal rules determine the outcome of a litigation, as it would be if tried in a State court.
Guaranty Trust Co. v. York, 326 U.S. 99, 109, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945). The District Court’s conclusion is thus in tension with Erie’s mandate that “[w]e cannot give [the cause of action] longer life in the federal court than it would have had in the state court without adding something to the cause of action.” Ragan v. Merchants Transfer & Warehouse Co., 337 U.S. 530, 533-34, 69 S.Ct. 1233, 93 L.Ed. 1520 (1949). Accordingly, we hold that, since the Pennsylvania savings statute would not permit Jewelcor to pursue its time-barred claim in a state court, the statute cannot preserve the claim in a federal court.
IV.
For the foregoing reasons, we reverse in part the District Court’s order of Feb *677 ruary 22, 2000 denying appellants’ motion to dismiss Count I of Jewelcor’s claims, vacate the District Court’s subsequent orders, and remand with instructions to enter judgment in favor of Michael Karfunk-el and George Karfunkel, individually, and as partners trading as M & G Equities, Inc.

. In the same order, the District Court denied Jewelcor's motion for prejudgment interest. Jewelcor’s cross-appeal of this issue, because we find in appellant’s favor, is moot.

. M & G also raises seven other issues on appeal, which this court need not reach.

. The statute provides that:
(1) If a civil action or proceeding is timely commenced and is terminated, a party, or his successor in interest, may, notwithstanding any other provision of this sub-chapter, commence a new action or proceeding upon the same cause of action within one year after the termination and any other party may interpose any defense or claim which might have been interposed in the original action or proceeding.
(2) Paragraph (1) does not apply to:
(i) An action to recover damages for injury to the person or for the death of an individual caused by the wrongful act or neglect or unlawful violence or negligence of another.
(ii) An action or proceeding terminated by a voluntary nonsuit, a discontinuance, a dismissal for neglect to prosecute the action or proceeding, or a final judgment upon the merits.
42 Pa. Const. Stat. § 5535(a).

. The Supreme Court of Pennsylvania—which has not yet interpreted the scope of the Pennsylvania savings statute—could arguably conclude that the court in Maxwell Downs developed an overdrawn view of the statute’s scope. However, while the Supreme Court may ultimately reject the Commonwealth Court's holding in Maxwell Downs, we do not feel that we are in a position to do so on its behalf. In diversity cases, “where the applicable rule of decision is the state law, it is the duty of the federal court to ascertain and apply that law, even though it has not been expounded by the highest court of the state.” Commonwealth of Pennsylvania v. Brown, 373 F.2d 771, 777 (3d Cir.1967). Accordingly, "we must forecast the position the supreme court of the forum would take on the issue.” Clark v. Modern Group Ltd., 9 F.3d 321, 326 (3d Cir.1993). In developing this forecast, "[ajlthough not dispositive, decisions of state intermediate appellate courts should be accorded significant weight in the absence of an indication that the highest state court would rule otherwise.” City of Philadelphia v. Lead Industries Ass'n, Inc., 994 F.2d 112, 123 (3d Cir.1993). This standard places a significant constraint on us: “Although we are not bound in a diversity case to follow decisions of a state intermediate appellate court, ... such decisions are not to be disregarded by a federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise.” Northern Insurance Co. of New York v. Aardvark Associates, Inc., 942 F.2d 189, 193 (3d Cir.1991). We believe that we lack such “persuasive data,” and consequently hold that Maxwell Downs provides our best guidance on how the Supreme Court of Pennsylvania would interpret the savings statute.