SMITH, Circuit Judge,
dissenting.
As the majority recognizes, we are bound by Erie R. Co. v. Tompkins to apply Pennsylvania’s law regarding its statutes of limitations so that the outcome here will be the same as if the action had proceeded in a state court. Guaranty Trust Co. of New York v. York, 326 U.S. 99, 109, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945) (discussing Erie, 304 U.S. 64, 58 S.Ct. 817 (1938)). Because Pennsylvania’s Supreme Court has yet to interpret the scope of its savings statute, 42 Pa.Cons.Stat. § 5535(a), we must predict how that court would apply the statute in this case. The majority concludes that the Pennsylvania Supreme Court would hold that § 5535(a) does not preserve Jewelcor’s subsequent untimely federal claim because one of Pennsylvania’s intermediate appellate courts “makes clear” that a time-bar “trumps § 5535(a).” Maj. op at 675 (discussing Maxwell Downs, Inc. v. City of Philadelphia, 162 Pa.Cmwlth. 300, 638 A.2d 473 (1994)). I cannot agree. I believe that the majority’s prediction of how the Pennsylvania Supreme Court would interpret 42 Pa. Cons. Stat. § 5535(a) in this case mistakenly relies on authority from an intermediate appellate court that never applied § 5535(a) as a savings provision. In the absence of a decision by a Pennsylvania appellate court addressing the scope of § 5535(a), I read the plain text of the statute to require its application here, thereby preserving Jew-elcor’s breach-of-lease claim.
There is a difference between the tolling of a statute of limitations and the operation of a savings provision. Tolling involves the suspension of the statute of limitations, thereby extending or lengthening the period of time in which an action may be commenced. As we recognized in Stinson v. Kaiser Gypsum Co., 972 F.2d 59 (3d Cir.1992), however, a savings provision like § 5535 allows a “timely filed action dismissed after limitations period” to be refiled if the dismissal was based on certain grounds. Id. at 62.
As the majority points out, Royal-Globe Ins. Co. v. Hauck Mfg. Co., 233 Pa.Super. 248, 335 A.2d 460 (1975), held that the commencement of a federal court action did not toll the statute of limitations for a subsequent state court action. Id. at 252-53, 335 A.2d at 462. Inasmuch as Royal-Globe predated the enactment of § 5535, that decision concerned only the issue of tolling and had no occasion to apply the savings provision. Royal-Globe acknowledged, however, that there was a distinction between the tolling of the statute of limitations and the operation of a savings provision. It explained that the principle behind its holding had been accepted by the federal courts since the turn of the century, and quoted Willard v. Wood, 164 U.S. 502, 523, 17 S.Ct. 176, 41 L.Ed. 531 (1896), which instructed:
The general rule in respect of limitations must also be borne in mind, that if a plaintiff mistakes his remedy, in the absence of any statutory provision saving his right, or where, from any cause, a plaintiff becomes nonsuit, or the action abates or is dismissed, and, during the pendency of the action, the limitation runs, the remedy is barred.
Royal-Globe, 233 Pa.Super. at 252-53, 335 A.2d at 462 (quoting Willard, 164 U.S. at 523, 17 S.Ct. 176)(omitting internal quotation marks and eitations)(emphasis added); *678 see also Stinson, 972 F.2d at 62 (noting that “if a timely filed action is dismissed after the limitations period ... has run, a new action of the same claim is time barred unless a limitations savings statute provides otherwise”)(emphasis added).
In Skehan v. Bloomsburg State College, 94 Pa.Cmwlth. 252, 503 A.2d 1000 (1986), the Pennsylvania Commonwealth Court considered whether a federal district court action tolled a subsequent state court action. The Court applied Royal-Globe and declared that the earlier federal court action, which had been resolved on the merits, did not toll the limitations period for the state court action. 94 Pa.Cmwlth at 260-61, 503 A.2d at 1005. In deciding the tolling issue, the Court did not address the applicability of Pennsylvania’s savings-provision. Indeed, it could not have done so because the statute explicitly provides that the savings provision is inapplicable to an action terminated by “a final judgment upon the merits.” 42 Pa.Cons.Stat. § 5535(a)(2)(h).
Subsequently, in Maxwell Downs, Inc. v. City of Philadelphia, 162 Pa.Cmwlth. 300, 638 A.2d 473 (1994), the Pennsylvania Commonwealth Court merely came close to addressing the scope of § 5535(a)’s applicability. In that case, the plaintiff argued that its earlier timely federal action tolled the statute of limitations for its latter untimely state court action consistent with § 5535. The plaintiff failed to distinguish between tolling and the operation of the savings provision, conflating the two concepts and arguing that Royal-Globe was not controlling because it predated § 5535’s “ ‘tolling’ provision,” which was enacted in 1976. 162 Pa.Cmwlth. at 305-07, 638 A.2d at 476. The Court summarily rejected the plaintiffs argument that his federal court action had tolled his state court action. It explained that, despite § 5535’s enactment, Royal-Globe had been applied in 1986 in Skehan to render the second state court action untimely. Whether the second state court action, even though it was untimely because there had never been any tolling, could still proceed by virtue of the operation of § 5535(a) as a savings provision was neither argued by the plaintiff nor considered by the Maxwell Downs' Court.
Because Maxwell Downs never addressed whether a subsequent untimely federal action could be preserved and saved under § 5535(a), instead of tolled, and mindful that the Pennsylvania Superi- or Court recognized in Royal-Globe the distinction between the operation of a savings statute and the tolling of a limitations period, I do not believe that Maxwell Downs can bear the weight accorded it by the majority. In the absence, then, of any decision by a Pennsylvania Court addressing the scope of § 5535(a) in saving a subsequent untimely action, I would predict how the Pennsylvania Supreme Court would interpret § 5535’s applicability here by recourse to the plain text of the statute. Walker v. Eleby, 577 Pa. 104, 122-23, 842 A.2d 389, 400 (2004) (reiterating that “[t]he clearest indication of legislative intent is generally the plain language of a statute”); see also 1 Pa.Cons.Stat. § 1921.
Section 5535(a) specifically states, in relevant part, that “[i]f a civil action or proceeding is timely commenced and is terminated, a party ... may, notwithstanding any other provision of this subchapter, commence a new action or proceeding upon the same cause of action within one year after the termination .... ” The sub-chapter referenced is subchapter B, which establishes the limitation periods in Pennsylvania for various civil causes of action. Compare Title 42 Pa.Cons. Stat. Subchap-ter A, §§ 5501-5505 (establishing “General Provisions”), with Title 42 Pa.Cons. Stat., Subchapter B, §§ 5521-5538 (pertaining to *679 “Civil Actions and Proceedings ). Thus, the plain text of the statute contemplates that it may be applied to preserve the vitality of a subsequent action even though that action may otherwise be time-barred by a limitations period set forth in sub-chapter B. The viability of the subsequent action, however, is not dependent upon the forum in which the original proceeding was initiated, as the majority concludes. Indeed, the statutory text is devoid of any limitation based on the forum of the initial action. Consistent with the plain text of § 5535(a), I submit that § 5535(a) was appropriately applied in this case, albeit for reasons other than those articulated by the District Court. Accordingly, in my view the breach-of-lease claim refiled in the District Court was viable, even though time-barred.[5]
I respectfully dissent.

. Because I have concluded that Jewelcor’s breach-of-lease action in the District Court was saved by virtue of § 5535(a), I have considered the other arguments pressed by M & G, but believe them to lack merit. I would also reject Jewelcor’s contention that the District Court improperly denied its claim for prejudgment interest as the motion was in fact untimely under Federal Rule of Civil Procedure 59(e).