J-A18038-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| LISA WILKINSON N/K/A MILLER, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| G. BASS COMPANY, | |
| Appellee | No. 1910 MDA 2015 |

Appeal from the Order Entered October 5, 2015
In the Court of Common Pleas of Berks County
Civil Division at No(s): 13-498

BEFORE: FORD ELLIOTT, P.J.E., BENDER, P.J.E., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.:       **FILED SEPTEMBER 07, 2016**

Lisa Wilkinson, n/k/a Miller, ("Appellant"), appeals from the order entered in the Court of Common Pleas of Berks County granting G. Bass Company's ("Appellee") motion for summary judgment and dismissing Appellee's complaint sounding in negligence. For the following reasons, we affirm.

The lower court provides an apt factual and procedural history as follows:

> This case stems from a personal injury claim of an alleged trip and fall accident. On February 4, 2011, [Appellant] was walking to her residence while an oil delivery truck belonging to [Appellee] was operating in the area. Appellant alleges that in the course of walking to her residence, she had to step over the oil delivery hose belonging to Appellee. Appellant alleges that while stepping over the oil delivery hose Appellee's agent caused the hose to be moved or pulled in such a manner that the hose made contact with Appellant's feet and legs which resulted in

*Former Justice specially assigned to the Superior Court.

Appellant's fall and subsequent injuries which are the substance of the instant manner.

Appellant was in communication with Appellee's insurance company within approximately one month of the accident by way of telephone. A praecipe to issue a writ of summons was filed on January 14, 2013. Attempts at service were made by the Sheriff's Department on January 16, twice, and on January 24, 2013. A return of no service made was filed on January 28, 2013.

Over a year later on February 24, 2014, the writ was reissued and Appellee was successfully served on March 10, 2014. Appellant filed the Complaint on June 16, 2014. Appellee filed the Answer to the Complaint with New Matter on September 28, 2014. Appellee subsequently filed a motion for summary judgment on July 16, 2015. [The lower court] held oral argument on Appellee's Motion for Summary Judgment and on October 5, 2015, issued an order granting Appellee's Motion and dismissing Appellant's Complaint with prejudice, which order is now the subject of the instant appeal.

Lower Court Opinion, filed January 28, 2016, at 1-2.

In this timely filed appeal, Appellant presents the following questions

for our consideration:

1. Where a plaintiff has filed suit and delivered process for service and thereby tolled the statute of limitations; and where service has been attempted prior to the statute of limitations, where the defendant's representatives had an opportunity to take plaintiff's statements and were given medical records prior to commencement of the case, where no prejudice has been alleged, and where defendant was ultimately served at the address where service was attempted before, may a plaintiff be deprived of her right to trial due solely to a lapse of time between attempts at re-serving the writ?

2. Where defendant claims that the mode of service or the writ was invalid, do the Rules state that it should be raised as a Preliminary Objection, and does failure to do so waive such objection?

Appellant's brief at 3.

With regard to appellate review of a summary judgment, Pennsylvania law makes clear:

> [W]e are not bound by the trial court's conclusions of law, but may reach our own conclusions. In reviewing a grant of summary judgment, the appellate court may disturb the trial court's order only upon an error of law or an abuse of discretion. The scope of review is plenary and the appellate court applies the same standard for summary judgment as the trial court.

*McCarthy v. Dan Lepore & Sons Co., Inc.*, 724 A.2d 938, 941 (Pa.Super. 1998), *appeal denied*, 743 A.2d 921 (Pa. 1999). *See also Moses v. T.N.T. Red Star Exp.*, 725 A.2d 792 (Pa.Super. 1999), *appeal denied*, 739 A.2d 1058 (Pa. 1999).

"Judicial discretion requires action in conformity with law on facts and circumstances before the trial court after hearing and consideration. Consequently, the court abuses its discretion if, in resolving the issue for decision, it misapplies the law or exercises its discretion in a manner lacking reason." *Devine v. Hutt*, 863 A.2d 1160, 1166–67 (Pa.Super. 2004) (quoting *Miller v. Sacred Heart Hosp.*, 753 A.2d 829, 832 (Pa.Super. 2000) (internal citations omitted). "Summary judgment is proper if an action is barred by the applicable statute of limitations." *Id.* (citing *Tohan v. Owens-Corning Fiberglas Corp.*, 696 A.2d 1195 (Pa.Super. 1997), *appeal denied*, 718 A.2d 786 (Pa. 1998); *Brooks v. Sagovia*, 431 Pa.Super. 508, 636 A.2d 1201 (Pa.Super. 1994)).

Appellant first contends the court erred in ruling that she effectively failed to toll the statute of limitations when she received a return of "no service" from the sheriff and then allowed 13 months to pass after the expiration of the limitations period before having the writ reissued and serving Appellee. Her initial attempts[1] to serve Appellee within the limitations period and at the business address where service was eventually made demonstrated good-faith attempts to notify Appellee of the commencement of litigation, Appellant maintains. Decisional law of this Commonwealth does not support her position.

The "purpose of any statute of limitations is to expedite litigation and thus discourage delay and the presentation of stale claims which may greatly prejudice the defense of such claims." *McCreesh v. City of Philadelphia*, 888 A.2d 664, 671 (Pa. 2005) (citation omitted). The Rules of Civil Procedure provide that "[a]n action may be commenced by filing with the prothonotary (1) a praecipe for a writ of summons, or (2) a complaint." *See* Pa.R.C.P. 1007. The language of Pa.R.C.P. 401,[2] moreover, prescribes that

_____

[1] The record reflects that two attempts at service were made on January 16, 2013 (Sheriff indicating "no answer" at 2:25 p.m. and "Resident . . . said he didn't know the business), and one more attempt was made on January 24, 2013 (Sheriff indicating "no answer" at 6:24 p.m., left card). No Service Return, filed 2/1/13; C.R. #3.

[2] Rule 401. **Time for Service. Reissuance, Reinstatement and Substitution of Original Process. Copies for Service**, provides:

*(Footnote Continued Next Page)*

(a) Original process shall be served within the Commonwealth within thirty days after the issuance of the writ or the filing of the complaint.

\* \* \* \* \* \*

(b)(1) If service within the Commonwealth is not made within the time prescribed by subdivision (a) of this rule ..., the prothonotary upon praecipe and upon presentation of the original process, shall continue its validity by reissuing the writ or reinstating the complaint, by writing thereon "reissued" in the case of a writ or "reinstated" in the case of a complaint.

(2) A writ may be reissued or a complaint reinstated at any time and any number of times. A new party defendant may be named in a reissued writ or a reinstated complaint.

(3) A substituted writ may be issued or a substituted complaint filed upon praecipe stating that the former writ or complaint has been lost or destroyed.

(4) A reissued, reinstated or substituted writ or complaint shall be served within the applicable time prescribed by subdivision (a) of this rule ... after reissuance, reinstatement or substitution.

(5) If an action is commenced by writ of summons and a complaint is thereafter filed, the plaintiff instead of reissuing the writ may treat the complaint as alternative original process and as the equivalent for all purposes of a reissued writ, reissued as of the date of the filing of the complaint. Thereafter the writ may be reissued, or the complaint may be reinstated as the equivalent of a reissuance of the writ, and the plaintiff may use either the reissued writ or the reinstated complaint as alternative original process.

*Note:* If the applicable time has passed after the issuance of the writ or the filing of the complaint, the writ must be reissued or the complaint reinstated to be effective as process. Filing or reinstatement or substitution of a complaint which is used as alternative process under this subdivision, has been held

service shall be made within 30 days after issuance of the writ or complaint, but it also allows a prothonotary to preserve the validity of the original process by reissuing the writ or reinstating the complaint at any time and any number of times.

In *Lamp v. Heyman*, 366 A.2d 882 (Pa. 1976), our Supreme Court addressed what it perceived as endemic abuses of process by plaintiffs who tolled the statute of limitations by filing a writ of summons, had the writ repeatedly reissued, and consciously failed to notify defendants of the suit. Though technically compliant with the Rules of Civil Procedure, this process nonetheless undermined the purpose of the statute of limitations, which is to protect defendants from stale claims. The Court, therefore, held that "a writ of summons shall remain effective to commence an action only if the plaintiff then refrains from a course of conduct which serves to stall in its tracks the legal machinery he has just set in motion." *Id.* at 889. In *Farinacci v. Beaver County Industrial Development Authority*, 511 A.2d 757 (Pa. 1986), the Supreme Court subtly modified the wording in *Lamp* wherein it held that "*Lamp* requires of plaintiffs a good-faith effort to effectuate notice

_____
*(Footnote Continued)*

effective in tolling the statute of limitations as the reissuance or substitution of a writ.

Pa.R.C.P. 401.

of commencement of the action." *Id.* at 759. These two statements came to be known as the *Lamp–Farinacci* rule.

After the intermediate appellate courts offered discordant interpretations of what constitutes a good-faith effort under the *Lamp-Farinacci* rule—*compare*, *e.g.*, *Teamann v. Zafris*, 811 A.2d 52, 63 (Pa.Cmwlth. 2002) (requiring strict compliance with the Rules of Civil Procedure related to service of process and local practice in order to satisfy good faith requirement) with *Leidich v. Franklin*, 575 A.2d 914 (Pa.Super. 1990) (adopting more flexible approach of excusing plaintiffs' initial procedurally defective service where the defendant has actual notice of the commencement of litigation and is not otherwise prejudiced)—our Supreme Court clarified what constitutes a plaintiff's good faith effort to notify a defendant of the commencement of an action. In *McCreesh*, the plaintiff had filed a *praecipe* for a writ of summons within the applicable two-year statute of limitations. *Id.* at 665. He delivered the writ to the City of Philadelphia by certified mail. The City acknowledged that it received notice when a receptionist at the City Law Department signed for the package one day before the statute of limitations ran. *Id.*

Service by certified mail was not technically proper, however, as the rules required service upon a political subdivision by the sheriff or a competent adult, and by handing a copy to an agent duly authorized by the political subdivision to receive service of process. *Id.* at 667 & nn. 5, 6 (quoting, *inter alia,* Pa.R.C.P. No. 400.1). Three months later, the plaintiff

filed his complaint, requested reissuance of the writ of summons, and properly served both on the City. *Id.* The City filed preliminary objections contesting service of the original writ. The plaintiff maintained that the original writ was served in compliance with the rules, arguing that delivery of the writ by a postal worker constituted service by a competent adult.

The Court held that plaintiff satisfied his obligation to make good-faith effort to give notice of commencement of action when defendants received actual notice of the commencement of litigation and are not otherwise prejudiced, abrogating that line of cases requiring strict compliance with the rules of civil procedure:

> Upon review of these cases, we conclude that the rigid compliance requirement of the *Teamann* line of cases is incompatible with the plain language of Rule 401, the spirit of *Lamp,* and the admonition of Rule 126 to construe liberally the rules of procedure so long as the deviation does not affect the substantial rights of the parties. In *Lamp*, we sought to alleviate the hardships caused by plaintiffs who exploited the rules of civil procedure to make an end run around the statutes of limitations.
>
> *Neither our cases nor our rules contemplate punishing a plaintiff for technical missteps where he has satisfied the purpose of the statute of limitations by supplying a defendant with actual notice.* Therefore, we embrace the logic of the *Leidich* line of cases, which, applying *Lamp*, would dismiss only those claims where plaintiffs have demonstrated an intent to stall the judicial machinery or where plaintiffs' failure to comply with the Rules of Civil Procedure has prejudiced defendant.

*McCreesh*, 888 A.2d at 674 (emphasis added).

In *Englert v. Fazio Mechanical Services*, *Inc.*, 932 A.2d 122 (Pa.Super. 2007), a panel of this Court identified an absence of good faith

effort where plaintiffs' counsel allowed six months to pass—taking the case beyond the statute of limitations period—before ascertaining that Sheriff's service had not been effected. The trial court had dismissed the case under **Lamp**, we affirmed, and our Supreme Court remanded for reconsideration under **McCreesh**. On remand, we again affirmed the trial court's order granting summary judgment in favor of defendant. As in the case *sub judice*, the plaintiffs brought their action against the defendant corporation within the statute of limitations, but the Sheriff unsuccessfully attempted service at the defendant's purported business address and sent plaintiffs' counsel a return indicating no service was made. Plaintiffs' counsel, however, had recently moved his law office and experienced failed mail deliveries. The lawyer never checked to ascertain that service was made and instead waited for the sheriff's return.

Six months later, plaintiffs received an inquiry from the defendant's insurance carrier as to whether they intended to "make a claim" for their injuries, as the statute of limitations would run in two weeks and preclude them from making a claim. Counsel, meanwhile, obtained a copy of the Sheriff's return that same month and filed a praecipe to reissue the writ six days after the statute of limitations expired. Service was effected soon afterward.

We observed, "It is not necessary that the plaintiff's conduct be such that it constitutes some bad faith act or overt attempt to delay before the rule of **Lamp** will apply." **Id.** at 124. Rather, "neglect and mistake to fulfill

the responsibility to see that requirements for service are carried out may be sufficient to bring the rule in *Lamp* to bear." *Id.* Therefore, unintentional conduct can constitute a lack of good faith. *Id.* at 124–25. We, therefore, discerned in *Englert* a lack of good faith efforts to serve process therein. Our decision rested on the lawyer's failure to determine if service was made when there were problems with mail delivery to the law office. We stated that the lawyer's "inaction demonstrated an intent to stall the judicial machinery which was put into motion by the filing of the initial writ and simply cannot be excused." *Id.* at 127.

Here, the case against a good faith effort is even stronger than in *Englert*, for Appellant received the "no service" return from the Sherriff and still allowed 13 months—all after the limitations period had run—to transpire before she sought reissuance of the writ and successfully served it upon Appellee. As in *Englert*, we find that such knowing inaction demonstrates an inexcusable intent to stall the judicial machinery and, accordingly, precludes finding Appellant made a good faith effort consistent with Supreme Court precedent.

We next address Appellant's contention that Appellee waived its statute of limitations-based challenge by raising it in a New Matter rather than in Preliminary Objections. Pennsylvania Rule of Civil Procedure 1030 provides, with exceptions inapplicable to this case, as follows:

> [A]ll affirmative defenses including but not limited to the defenses of accord and satisfaction, arbitration and award, consent, discharge in bankruptcy, duress, estoppel, failure of

- 10 -

consideration, fair comment, fraud, illegality, immunity from suit, impossibility of performance, justification, laches, license, payment, privilege, release, *res judicata,* statute of frauds, *statute of limitations*, truth and waiver shall be pleaded in a responsive pleading under the heading "New Matter[."]

Pa.R.C.P. 1030 (emphasis added). Under our rules, therefore, a plaintiff raising the affirmative defense of statute of limitations must do so in an Answer and New Matter.

Notwithstanding this procedural mandate, Appellant cites succinctly to decisional law as standing for the proposition that "where a defendant files an answer to the complaint objections to validity of the service ultimately effected are waived." Appellant's brief at 8, citing **Cinque v. Asare**, 585 A.2d 490, 492 (Pa.Super. 1990). We disagree.[3]

In qualifying the rules pertaining to the tolling of the statute of limitations, **Lamp** held that failure to promptly notify defendants results in nullification of the commencement of the action. **Id**. at 889; **see also Moses**, 725 A.2d at 797 (finding absence of a good-faith effort to serve defendant nullifies both the commencement of the action and the tolling of the statute of limitations). Therefore, to toll the statute of limitations, a plaintiff must ultimately make a good-faith effort to serve the complaint in a

---

[3] We distinguish **Cinque** on its facts, where the plaintiff in that case filed a timely complaint, the defendants—having received actual notice—filed an answer, and the parties engaged in two years of discovery before defendants alleged defective service. We rejected defendant's arguments and held that they had waived any "defective service" or statute of limitations arguments by answering the complaint and subsequently engaging in two years of litigation prior to the challenge. **Id.** at 491.

timely manner. ***Devine***, 863 A.2d at 1167–68. ***See also Ramsay v. Pierre***, 822 A.2d 85, 90 (Pa.Super. 2003) (recognizing filing complaint tolls statute of limitations, provided that plaintiff attempts to effect [timely] service).

In ***Devine***, we addressed the appropriate filing by which to challenge the failure to toll the statute of limitations with a good-faith service of process:

> The existence of a statute of limitation which cuts off a remedy **does not constitute a defect in the "form of service."** ***Farinacci*** *[ ]* (emphasis added). Thus, an affirmative defense of a statute of limitations is not properly raised in preliminary objections; it is properly raised in new matter. ***Id.;*** Pa.R.C.P. 1028; 1030. Additionally, a statute of limitations affirmative defense cannot be raised in preliminary objections in the nature of a demurrer, unless the particular statute of limitations is nonwaivable. ***Reuben v. O'Brien***, 299 Pa.Super. 372, 445 A.2d 801 (1982). When a defendant raises a waivable statute of limitations *via* preliminary objections, the proper challenge is to file preliminary objections to strike the defendant's preliminary objections for failure of a pleading to conform to law or rule of court. ***Farinacci****[ ];* Pa.R.C.P. 1028(a)(2).
>
> Whether the statute of limitations has run on a claim is generally a question of law for the trial judge. ***Id.*** The filing of a *praecipe* for a writ of summons [or a complaint] to commence an action is sufficient to toll the running of the statute of limitations, if the plaintiff makes a good faith effort to serve the writ or complaint in compliance with the other applicable rules of court. ***Lamp, supra.*** When a plaintiff successfully tolls the applicable statute of limitations on an action by timely issuance **and delivery of a [complaint] for service**, the action is kept alive for a period equal to the original statute of limitations. ***Shackelford v. Chester County Hosp.***, 456 Pa.Super. 356, 690 A.2d 732 (1997) (citing ***Beck v. Minestrella***, 264 Pa.Super. 609, 401 A.2d 762 (1979) (stating issuance **and delivery** of writ for

service keeps action alive for period equal to original period as measured from the filing date of writ)).

*Devine* at 1167–68 (emphasis in original). **See also Daniel v. City of Philadelphia**, 86 A.3d 955, 956-58 (Pa.Cmwlth 2014) (holding statute of limitations defense properly raised in New Matter rather than preliminary objections where lack of good faith effort to serve complaint after statute of limitations had run).[4]

Under this precedent, Appellant failed to toll the statute of limitations with her timely commencement of litigation because she failed to make a good faith effort to notify Appellee of the suit long after the limitations period had expired. We, therefore, find Appellee appropriately raised a limitations-based affirmative defense in its New Matter, and we affirm the order granting Appellee's motion for summary judgment.

Order is AFFIRMED.
Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary



Date: 9/7/2016

---

[4] Though not binding upon this Court, the decision of the Commonwealth Court is instructive on the present issue.